LUTHER A. WRIGHT & others *vs.* HORATIO G. HERRICK.

Suffolk.   Nov. 13, 1879. — Jan. 19, 1880.   MORTON & SOULE, JJ., absent.

A. bought goods of B., informing him that the business was his, and that it would be carried on by C. in A.'s name.   Subsequently C. formed a partnership with another person, and A. revoked C.'s agency, and directed him not to use his name, and had no more connection with or knowledge of the business or the name in which it was carried on by C. and his partner.   A. gave no notice of any change to B., who, without notice or knowledge of the change, continued in good faith to sell goods to the firm on the credit of A.   The firm also bought goods of D., who gave credit to A.   B. brought an action against A. and attached goods as his property.   D. afterwards brought an action against C. and his partner, doing business under the name of A., and attached the same goods.   B. was then allowed, without notice to D., to amend his writ by adding the names of C. and his partner as defendants, and declaring against all three as doing business under the name of A.   Both B. and D. recovered judgments. As between C. and his partner, and A., the latter had no interest in the attached goods.   D. requested the attaching officer to apply the proceeds of the property in satisfaction of the execution obtained on his judgment.   This the officer declined to do except in part, but first applied the same in satisfaction of the execution obtained by B. on his judgment.   D. then brought an action against the officer; and, at the trial, asked the judge to rule that the relation of A. to C. and his partner, as to B., was that of principal and agent, and not that of partnership ; that, if A. was liable at all, he was liable individually as principal, and C. and his partner, if liable at all, were liable as agents, but that B. must elect to hold either the principal or the agents, and could not hold both; and that the attached property, being the property of the agents, could not be levied upon to satisfy B.'s execution.   The judge declined so to rule, and found for the defendant.   *Held,* that D. had no ground of exception.

TORT against the sheriff of Essex for the alleged wrongful act of his deputy.   After the former decision, reported 125 Mass.

154, the case was tried in the Superior Court, without a jury, before *Pitman*, J., who found the following facts:

The plaintiffs attached certain personal property on a writ against W. W. Phillips and Edward Martin, as copartners, doing business under the name of Henry Phillips, on March 24, 1875. It was afterwards sold on mesne process, on a prior attachment, on a writ in favor of Edward Martin against Henry Phillips, which last-named writ was never entered in court. The plaintiffs recovered judgment against William W. Phillips and Martin, in the Superior Court for the county of Suffolk, at January term 1876, and placed the execution duly issued thereon in the hands of the defendant's deputy, and requested him to apply the proceeds of the personal property in satisfaction of the execution. This he declined to do, except in part, but first applied the same in satisfaction of an execution issued from the Police Court of Haverhill on December 1, 1875, upon a judgment in favor of Matthew Plumstead, Jr., recovered on November 15, 1875, against Henry Phillips, William W. Phillips and Martin, as copartners, doing business under the name of Henry Phillips. Plumstead's writ was dated March 24, 1875, and commanded the officer to attach the property of Henry Phillips; and thereon, upon March 24, prior to the attachment in the suit of the plaintiffs against William W. Phillips and Martin, the deputy did attach the personal property as the property of Henry Phillips. Subsequently, and before judgment in the action, by leave of the Police Court, and without notice to the plaintiffs, Plumstead amended his writ and declaration by declaring against Henry Phillips, William W. Phillips and Martin, as copartners, doing business under the firm name of Henry Phillips.

In the fall of 1872, Henry Phillips, in person, made the first purchase of Plumstead, informing him that the business was his, and he alone was responsible; that the business would be carried on by William W. Phillips in the name of Henry Phillips; and that William W. Phillips did the work of the store for him. In the spring of 1873 the partnership between William W. Phillips and Martin was formed, and at that time Henry Phillips revoked William W. Phillips's agency, and directed him not to further use his name, and had no more connection with, nor knowledge of, the business or the name in which it was carried on by William

W. Phillips and Martin; but gave no notice of any change to Plumstead, who, without notice or knowledge of the change, continued to sell goods and charge them, as he had before, to Henry Phillips; and the debts of the plaintiffs and of Plumstead, on which their judgments were obtained, were contracted in the name of Henry Phillips, who had no interest in the attached goods, which was not known to Plumstead. The goods sued for and those goods attached were sold by Plumstead in good faith on the credit of Henry Phillips; but Henry had other property.

Upon these findings, the plaintiffs asked the judge to rule that the relation of Henry Phillips to William W. Phillips and Martin, as to Plumstead, was that of principal and agent, and not that of partnership; that if Henry Phillips was liable at all, he was liable individually as principal, and William W. Phillips and Martin, if liable at all, were liable as agents, but that Plumstead must elect to hold either the principal or the agents, and could not hold both; and that this property, being the property of the agents, could not be levied upon to satisfy Plumstead's execution.

The judge declined so to rule, ruled that the plaintiffs were not entitled to recover, and ordered judgment for the defendant. The plaintiffs alleged exceptions.

*W. E. Jewell*, for the plaintiffs.

*J. P. Jones*, for the defendant.

ENDICOTT, J.   The facts in this case, though substantially the same, differ in some respects from those disclosed when the case was last before us.   125 Mass. 154.

It appears that, in the autumn of 1872, Henry Phillips purchased goods of Plumstead, and informed him that the business was his, and would be carried on by William W. Phillips in his name.   It was not distinctly stated in the bill of exceptions, but it is to be inferred, that William W. Phillips had authority to use, and did use, his name in the purchase of goods.   In the spring of 1873 the business was transferred to William W. Phillips and Edward Martin, who had formed a partnership to carry it on, and the authority of William W. Phillips, as agent, was revoked, and he was directed by Henry Phillips not to use his name.   After this, Henry Phillips had no connection with, or

knowledge of, the business, and did not know in what name it was carried on by William W. Phillips and Martin. The new firm carried on the same business as Henry Phillips. Of this change Plumstead had no notice, and, without any knowledge of the change, continued to sell goods to the new firm, and charged them to Henry Phillips. Whether Henry Phillips gave notice of this change to the plaintiffs, or to other persons who had sold goods to him does not appear, but it is evident that William W. Phillips and Martin continued to use his name in carrying on their partnership business in the same manner as it had been carried on before; for it is stated in the bill of exceptions that the debts of the plaintiffs and of Plumstead, on which their judgments were obtained, were contracted in the name of Henry Phillips, who had no interest in the attached goods, which was not known to Plumstead. It is fairly to be inferred from this statement, that they were sold to both on the credit of Henry Phillips, and it was so stated in the former opinion; and the plaintiffs cannot well deny that William W. Phillips and Martin carried on business under the partnership name of Henry Phillips, for they are so described in the writ upon which their attachment was made. The goods were sold by Plumstead in good faith to the firm on the credit of Henry Phillips, and were the same that were attached and sold by the defendant's deputy.

Upon these facts and findings, we cannot say that the court below was bound, as matter of law, to give the ruling requested. Having refused to give that ruling, the court might well find for the defendant.                    *Exceptions overruled.*