HARVEY SILVER & another *vs.* EBEN D. JORDAN & others.

Suffolk. Nov. 15, 1883. — Jan. 5, 1884. C. ALLEN & HOLMES, JJ., absent.

If an agent at the time of the making of a contract discloses the name of his principal, and the contract is then made with the agent alone, the person making the contract cannot maintain an action upon it against the principal.

CONTRACT, against Eben D. Jordan and Charles Marsh, copartners under the firm name of Jordan, Marsh, and Company, and Isaac Hayden, upon an account annexed. The case was referred to an auditor, whose report, so far as material to the point decided, was in substance as follows :

The defendant Hayden had several patents for cleaning cotton, consisting of a machine which he claimed was superior to all other machines or apparatus then in use for that purpose. In the spring of 1866, Hayden had several interviews with the defendant Jordan, in which he explained to Jordan the nature of his machine and its workings, and tried to persuade Jordan to join with him in carrying on the business of cotton cleaning with his machine at the South. In one of these interviews, Hayden proposed to Jordan that his firm, Jordan, Marsh, and Company, should furnish the needed capital to carry on the business of cotton cleaning, and do all other necessary things for the transaction of said business; while he would furnish his patents for cotton cleaning and provide suitable men to run the machines which might be required. In the same interview, after some talk between them as to the cost of the machines, Jordan told Hayden to make inquiry and find out the cost of such machines, and report to him. In a few days after this last-mentioned interview, Hayden submitted to Jordan the plaintiff's estimate as to said machines, whereupon Jordan told Hayden to " go ahead and have the machines built," and also said, " We will arrange the details of the business hereafter, and will go to our attorneys and have this put in writing."

Immediately afterwards, Hayden entered into a contract with the plaintiffs to build the machines mentioned in their declaration, with the understanding and agreement, at the time of making the contract, that the plaintiffs should charge the machines

to Hayden alone, Hayden saying at the time to the plaintiffs, but not in the presence of the other defendants, or either of them, that Jordan, Marsh, and Company were interested with him in the machines. Jordan failed to meet Hayden at the attorneys' office, at the time appointed by them, to have their agreement put in writing, and the subject of putting the same in writing was not mentioned by either party thereafter, so far as the evidence disclosed.

The plaintiffs, in pursuance of the order given to them by Hayden, proceeded to build the machines, and in all their correspondence and dealings touching the same they dealt wholly with Hayden, and kept accounts solely with him.

When the plaintiffs called upon Hayden to pay for the goods charged in their account to him, he declared that it did not belong to him, but to Jordan, Marsh, and Company, to pay; but he acknowledged to the plaintiffs that he was responsible for the bill, because he ordered it. The plaintiffs said they did not mean to run the risk of getting their pay from some one else, but meant to hold Hayden and not let him off.

The auditor ruled, as matter of law, that the contract made with the plaintiffs for said machines by Hayden was the contract of Jordan, Marsh, and Company with the plaintiffs; and that the defendants Jordan and Marsh owed the plaintiffs the sum of $7802.87, according to their account annexed, together with interest thereon from the date of the writ.

At the trial in the Superior Court, before *Colburn*, J., Hayden was defaulted, and the plaintiffs discontinued as to him. The only evidence in the case was the report of the auditor, put in by the plaintiffs. The judge ruled that, under the auditor's report, the action could not be maintained against Jordan, Marsh, and Company, and directed a verdict for them, which was rendered; and reported the case for the determination of this court. If the direction was right, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial ordered.

*J. L. S. Roberts & D. F. Crane*, for the plaintiffs.

*J. D. Ball*, for the defendants.

W. ALLEN, J. The only ground upon which the defendants can be held liable is, that they were the undisclosed principals in

the contract between Hayden and the plaintiffs. It is immaterial whether Hayden had authority to make the contract for the defendants, either by themselves or jointly with him. If he had any authority, he did not exercise it, but made the contract for himself; and the plaintiffs, with information that the defendants were interested, expressly contracted with Hayden as principal. It is objected that the plaintiffs were not informed what the interest of the defendants was. Without stopping to consider what the actual relation of the defendants to the transaction was, and whether it could have been more fully and correctly described, it is enough that it appears that the plaintiffs, in view of information that the defendants were interested with Hayden, expressly contracted with and agreed to give the credit to him alone. The intention that the defendants should not be charged, whatever their interest might be, is manifest. Nothing is disclosed in the evidence which can prevent the plaintiffs from being bound by the election they then made.

*Judgment on the verdict.*