THOMAS A. RICH & others <em>vs.</em> DEXTER L. CRANDALL.

Suffolk.  March 9. — June 29, 1886.  W. ALLEN & HOLMES, JJ., absent.

S., the owner of S.'s express, sold the business to A., who leased it, for a certain sum monthly, to B., who continued to conduct the business, under the lease, in the name of S.'s express.  C., who was employed in the business before the sale to A., continued in the service of A., and of B. afterwards; and as such servant, after the lease to B., received from D., who had dealt with him while he was employed by A., goods to be delivered to persons ordering them through said express, the price of which was to be collected and returned to D.  The price of the goods was collected, but was not accounted for to D., who brought an action against A. to recover the same.  D., who was notified by S. of the sale to A. soon after it took place, never saw A., or had any actual notice of the lease to B., or of his conducting the business under the lease.  Although that fact was published in a newspaper and announced in circular notices sent by B. to persons dealing with the express, D. never received the newspaper or circular.  The orders on which the goods were delivered to C. bore the printed heading, "S.'s express, B. agent."  <em>Held,</em> that, on these facts, the judge, who tried the case without a jury, was warranted in finding for the defendant.

CONTRACT against the defendant as a common carrier, for failure to collect and return the value of goods entrusted to him for delivery; with a count for money had and received.  Trial in the Superior Court, without a jury, before <em>Brigham,</em> C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs do business under the style and name of the New England Oyster Company, in the city of Boston, and the transactions out of which the plaintiffs contend that the cause of action stated in their declaration arose were between them and Smith's Express, running between Boston and Exeter, New Hampshire; and those transactions consisted in the bringing of orders for oysters to the plaintiffs from persons in Exeter by said express, upon which orders oysters were delivered to said express, with directions to collect in cash the price of the same on their delivery in Exeter to the persons who had ordered them.

In September, 1882, Daniel B. Smith, the owner of Smith's Express, sold the route, good-will, and property of the same to the defendant.  The business, however, continued to be conducted in the same name after said sale, and Smith continued to conduct the same for the defendant for about a month; and while so conducting the same, and on an occasion while presenting

orders for said express, he notified the plaintiffs of the sale to the defendant, and that he, Smith, was then in the defendant's employ. At the expiration of said month, Smith was succeeded by one John H. Orr, Jr., who continued to conduct the same under the same style of Smith's Express, on joint account with the defendant, under an arrangement that, when the current profits and expenses of the express could be approximately ascertained, Orr was to receive from the defendant a lease of the teams, horses, etc., and good-will of said express, upon a rent payable monthly. In pursuance of this arrangement, the defendant and Orr, in March, 1883, settled between themselves the business of said express to that time; and, on April 1, 1883, the defendant leased to Orr, upon a rental of twenty dollars per month, said express, and all property used in conducting the same; and thereafter Orr conducted said express under said lease in the same name of Smith's Express, and was so conducting it at the time of the transactions on which the plaintiffs seek to recover from the defendant.

One Safford was a servant of said express before the sale from Smith to the defendant, and continued in its service afterward, dealing with the plaintiffs while said express was conducted by Smith for the defendant, and continuously during the oyster season, that is to say, from September to May, and so remained while the express was conducted by Orr under the lease before mentioned. As such servant, Safford was authorized by the person or persons severally conducting the same to represent said express, and, as such representative, brought to the plaintiffs orders from persons in Exeter for oysters, received the same from the plaintiffs to take to Exeter, and deliver on payment in cash of the price by the persons ordering them, and did so take and deliver oysters, and receive in cash the price of them, in the several instances mentioned in the plaintiff's bill of particulars, and this money was, by no default of Safford, never turned over to the plaintiffs. The money thus received and not accounted for, the plaintiffs seek in this action to recover of the defendant.

The plaintiffs never saw the defendant, nor had any business transactions personally with him, and never had any actual notice of the lease to Orr, nor of Orr's conducting said express

under said lease. Although the fact was so stated in the reading columns of a newspaper published in Exeter, and circular notices to the same effect were issued by Orr, and distributed among persons with whom said express transacted business, neither said newspaper nor circulars were ever received by the plaintiffs. The orders on which said oysters were delivered to Safford bore a printed heading, "Smith's Exeter Express, J. H. Orr, Agent." By the contract of lease between the defendant and Orr, the defendant had no interest in the profits, and was not to be responsible for the losses of said express, from April 1, 1883, to the time of this action.

The judge ruled that, upon the facts above stated, the same being found by him, this action could not be maintained; and found and ordered judgment for the defendant. The plaintiffs alleged exceptions.

*J. B. Lord,* for the plaintiffs. 1. The case finds that the plaintiffs dealt with Smith's Express through its agents and representatives, while the defendant was its proprietor, they having notice that he had become so. It is immaterial whether said notice was given by the defendant personally, or by his authorized agent. Story on Agency, § 135. The case further finds that, although the defendant had parted with his interest in the business by a lease of the same to one Orr, the plaintiffs had no actual notice of the fact. On the contrary, the same style of conducting the business was retained, the same person, Safford, was continued in service, and the orders on which the merchandise was delivered bore a printed heading describing said Orr, not as proprietor, but merely as agent. Safford then was held out to the plaintiffs by the defendant, through his agent or manager, as his agent to get goods, in the name of Smith's Express, on the defendant's account. His acts bind his principal as to third persons who have known of his agency, until notice of its revocation is made known to them. Story on Agency, § 470. *Packer* v. *Hinckley Locomotive Works,* 122 Mass. 484.

2. The defendant in this case adopted and sanctioned the name of Smith's Exeter Express as indicative of his contracts, and, having done so, is liable in the same manner as if he had used his own name. *Melledge* v. *Boston Iron Co* 5 Cush. 158, 174. Having done so, he remains liable to persons who acted

with him while doing business under that name, until notice that the name no longer meant him, but some other person.

*F. F. Fay*, for the defendant.

C. ALLEN, J. The defendant had not been Safford's employer or principal, in point of fact, for several months before the transactions now in question, and cannot be charged in this action without proof that the plaintiffs had a right to regard him as such employer or principal, and did in fact honestly and in good faith so regard him, and give credit to Safford relying on the defendant's responsibility. But it is not found as a fact, and there is no legal presumption from the facts which are found, that the plaintiffs dealt with Safford under the belief that he was acting for the defendant, or that they relied on the defendant's credit to make good Safford's undertakings. It does not appear that the plaintiffs were misled by the defendant's conduct or silence into believing him to be the real party in interest behind Safford in conducting the business at the time referred to. Inasmuch as the facts found do not show that the plaintiffs were entitled to recover, judgment was properly ordered for the defendant. See *Packer* v. *Hinckley Locomotive Works*, 122 Mass. 484; *Wright* v. *Herrick*, 128 Mass. 240.

*Exceptions overruled.*