Shauck, J.
The burden of proof was upon the plaintiff below. The testimony of the parties was in direct conflict. It seems clear that if the jury had given its proper probative effect in her support to the fact that the sole note of the husband was taken in consideration of the loan, the verdict would have been for the plaintiff in error.
But upon principle and authority the acceptance of a note under such circumstances, is in law, conclusive of the question which the trial court left to the jury. There is neither allegation nor proof that the name of Mrs. Behlen was left off the note by mistake or omission, nor that any fact that is now disclosed was not then known by the lender of the money. If, therefore, he might elect whether the husband, or the wife, or both should be debtor to him on account of the loan, he made an election by which he is conclusively bound. Bishop on Contracts, 1078 and 1085 ; Paterson v. Gaudesequi, 15 East 62; Coxe v. Devine, 5 Harring, 375 ; Silver v. Jordan, 136 Mass. 319.
The judgment oí the court of common pleas will be reversed, final judgment will be rendered for the plaintiff in error and the cause remanded for execution.