WILLIAM C. SAVAGE vs. BLACKSTONE BEEF COMPANY,
Incorporated.

Hampden.   September 28, 1915. — October 13, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Existence of relation.

In an action by a cattle dealer for the price of cattle alleged to have been sold
to the defendant, a corporation, through a certain person alleged to have been
acting as the defendant's agent, there was evidence that the plaintiff received
from the alleged agent his personal check for the purchase money dated one
month ahead, that the check when presented was not paid, and that on seven
or eight occasions during the previous months the plaintiff had sold cattle to
this person as the defendant's agent and had received in payment the defend-
ant's check. There also was evidence for the defendant that the person in ques-
tion had no authority from the defendant to make the purchase, that he was
a cattle broker who bought and sold on commission for other dealers as well
as for the defendant, and that there was a custom of the trade in the market
where the plaintiff's cattle were sold, that the seller always looked to the broker
for payment. A judge, before whom the case was tried without a jury, found
for the defendant. *Held*, that, whether the person to whom the plaintiff sold
the cattle was the agent of the defendant, was a question of fact, and that the
judge was not bound to rule or to find as matter of law that he was the defend-
ant's agent.

CONTRACT by a dealer in cattle for the price of certain cattle
alleged to have been sold by him to the defendant, a corporation,
through one Austin Davis, who was alleged to have been the
authorized agent of the defendant. Writ dated May 26,
1913.

In the Superior Court the case was tried before *Wait*, J., with-
out a jury. At the close of the evidence, which is described in
the opinion, the plaintiff asked the judge to make the following
rulings:

"1. Upon all the evidence A. Davis was the agent of the
defendant to make for it the purchase of the property sued
for.

"2. Upon the evidence the Blackstone Beef Company gave
authority to A. Davis to purchase cattle for it at fifty cents a
head, and such authority was sufficient to constitute him the

agent for said company for the purpose of a recovery by the plaintiff."

The judge refused to make either of these rulings, and found for the defendant. The plaintiff alleged exceptions.

*C. L. Young,* for the plaintiff.

*G. P. Bryant,* for the defendant, was not called upon.

CARROLL, J. April 22, 1913, the plaintiff sold cattle to one Davis and received, from Davis, his check dated one month ahead. After the check went to protest the plaintiff demanded payment from the defendant. The plaintiff contended that Davis was the agent of the defendant, and showed that on seven or eight occasions during the preceding winter he sold cattle to Davis as the defendant's agent and received in payment therefor the defendant's check. There was further evidence tending to corroborate the plaintiff.

On the other hand the defendant asserted that Davis never was its agent, that he was a cattle broker, buying and selling on commission for other dealers as well as for the defendant. There was also evidence of a custom of the trade in the Brighton stock market, where the plaintiff's cattle were sold, that the seller always looked to the broker for payment. The case was tried before a judge without a jury, and he found for the defendant.

The judge was not bound to rule as matter of law, as requested by the plaintiff, that Davis was the agent of the defendant. On the facts in evidence the judge could find for the defendant, and the plaintiff's requests properly were refused. *Wright* v. *Herrick,* 128 Mass. 240. *Rice* v. *James,* 193 Mass. 458. *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319.

*Exceptions overruled.*