## WESTERN UNION TELEGRAPH CO. v. WILLIAMSON.

(Circuit Court of Appeals, First Circuit. December 1, 1926.)

No. 2023.

1. **Master and servant** ⟺286(20)—**Telegraph company's negligence as to operator receiving electric shock after he gave notice of danger held for jury.**

    In action by telegraph operator for injuries alleged to have resulted from electric shock when using operating plug, evidence of defendant's negligence in failing to make investigation after notice *held* sufficient for jury.

2. **Master and servant** ⟺356—**Employer not insured under state Workmen's Compensation Law cannot complain of instruction on assumption of risk (Gen. Laws Mass. c. 152, § 66).**

    Telegraph company, not being insured under Massachusetts Workmen's Compensation Act, could not complain of instruction that employee assumed ordinary risks resulting from electric shocks, since under Gen. Laws Mass. c. 152, § 66, assumption of risk is no defense in such case.

In Error to the District Court of the United States, for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by Arlina A. Williamson against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Arthur P. Hardy, of Boston, Mass. (Francis Raymond Stark and Overton Harris, both of New York City, on the brief), for plaintiff in error.

Julian C. Woodman, of Boston, Mass. (Patrick J. Madigan, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This action in tort for personal injuries was brought by the plaintiff in the superior court for Suffolk county, and removed by the Telegraph Company to the court below. The trial resulted in a verdict of $10,000 for the plaintiff, re-

duced by the court, on motion for a new trial, to $7,500. The case comes here on assignments of error, which sift down to the contention that there was no case for the jury. The question then is whether, under the construction of the evidence most favorable to the plaintiff (Gray v. Davis [C. C. A.] 294 F. 57, 58, and cases cited), the jury were warranted in finding that the plaintiff was injured as result of the defendant's negligence.

The plaintiff was employed by the defendant as a Morse telegraph operator in its Congress street office in Boston. In the performance of her duties in sending messages she had to insert a plug into the proper hole in a box situated near her right hand. This plug was attached to a wire which came up from underneath, so that her elbow would sometimes touch this wire when operating the plug. About 4 p. m. on August 22, 1921, as she testified, she received an unusual electric shock, causing a wrench to her arm. She reported this shock to the officers in charge of the defendant's office, and said that she would like to go home. This request was refused; she was told to take 15 minutes off, to see the nurse and report back. At the end of about 15 minutes she was directed to return to her work in the same seat, using the same plug. She then received, as she testified, a very severe electric shock, causing a numbing sensation, and after that she did not know what happened.

Other evidence (uncontradicted) showed that at about 7 o'clock that evening she was found by a policeman sitting on the curbstone at Atlantic avenue and Congress street, towards the Nantasket boat wharf (whither she would naturally have gone on her way home) in a dazed condition. The policeman understood her to give as her name and address, Miss Tillie Moore, 17 Fallon street, Boston, where William or Billie Moore, her brother-in-law, lived. She was taken there in a taxicab in a condition near helplessness, and was for a long time seriously ill. There was plenary evidence to the effect that on, or a little above, the right elbow, there was a burn which did not heal within the normal time; and, after healing, left a scar which was shown to the jury at the trial. There was expert evidence that this burn was of the peculiar kind and duration that results from an electric burn.

There was evidence from the plaintiff and from other witnesses that while telegraph operators occasionally receive slight electric shocks, no such shocks are so severe as to cripple them in their work, or as to burn the operator, as the evidence tended to show the plaintiff was burned.

[1] We need not discuss the applicability of the doctrine of res ipsa loquitur, for we think there was direct evidence for the jury of negligence by the defendant. The plaintiff herself, who had been a telegraph operator for three or four years, testified that, with the apparatus in proper condition, she would not have received any such shock as she testified she did receive. Experts for the defendant testified to the same effect—that, with the apparatus in proper condition, the operator would not get a shock sufficient to cause a burn or to wrench the arm away; that, at the most, an operator would receive a very slight shock.

There was, as noted above, evidence that after receiving the first shock, the plaintiff notified the defendant's responsible officers, who without making any investigation told her to resume her place in the same seat and operate the same plug some 15 minutes later. This was enough to warrant the jury in finding that the defendant's officials were warned that the apparatus was not in proper condition and that the plaintiff was put to work in a dangerous place.

Careful consideration of the able and elaborate argument, addressed to us by the defendant's learned counsel and of his brief and the authorities cited therein, drives us to the conclusion that the court below was right in his ruling that the case was for the jury. At the argument, defendant's counsel in effect admitted, as he must, that, if the jury believed Miss Williamson's story, they were warranted in finding that her injuries, apparently very severe, were due to the defendant company's negligence. Plainly the jury were warranted in finding her testimony veracious and reliable.

The Telegraph Company undertook to explain Miss Williamson's clearly demonstrated serious illness by contending that she was a highly-strung young woman, 22 years old, who had overstrained herself by too hard work on music, telegraph operating and teaching; that her serious condition was due to a nervous breakdown or hysteria, and not to electric shocks. But it was for the jury to say, not merely whether she intended to be a truthful witness (which was apparently not questioned), but whether, considering her condition, her memory of what happened was reliable.

There was also expert testimony from her doctor that, taking into account the burn on her arm and her condition, together with the

history of her shocks as she described them, her injuries were due to electric shock, and not to hysteria or to nervous breakdown.

These conclusions also make it unnecessary to consider and apply to the facts in this case the Massachusetts statute (Gen. Laws, c. 166, § 42):

"A telegraph company shall be liable in damages to a person injured in his person or property by the poles, wires or other apparatus of such company. If they are erected upon a public way, the city or town shall not, by reason of anything contained in this chapter or done thereunder, be discharged from its liability, but all damages and costs recovered against it on account of such injury shall be reimbursed by the company owning the poles, wires or other apparatus."

But it is clear enough that this statute does not help the Telegraph Company. See Riley v. New England Tel. & Tel. Co., 184 Mass. 150, 153, 68 N. E. 17, in which Chief Justice Knowlton discussed this statute, comparing the liability arising thereunder to the statutory liability of owners and keepers of dogs.

[2] Rather faintly, the Telegraph Company contends that there was error in the court's instructions as to the plaintiff's contractual assumption of risk. This contention is entirely without merit. As the telegraph company did not insure its employees under the Massachusetts Workmen's Compensation Act (Gen. Laws, c. 152), the case falls under section 66 of that chapter, which reads:

"In an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense—

"1. That the employee was negligent;

"2. That the injury was caused by the negligence of a fellow employee;

"3. That the employee had assumed the risk of the injury."

But the jury were instructed that when the plaintiff entered upon her employment she assumed the risks of whatever results might follow from electric shocks which are commonly or frequently experienced by telegraph operators. Plainly the defendant could not complain of such a construction of this statute. Cf. Pope v. Heywood Bros., 221 Mass. 143, 108 N. E. 1058; Ashton v. Boston & Maine R. R., 222 Mass. 65, 109 N. E. 820, L. R. A. 1916B, 1281.

The judgment of the District Court is affirmed, with interest and costs to the defendant in error.