*First District Court of Eastern Middlesex*

No. 1285 of 1953

*Northern District*

No. 4750

## PLYCO CONCRETE FORM SERVICE, INC.

### v.

## GENNARINO CIARDIELLO
### alias
## JERRY CIARDIELLO

(October 20, 1955)

*Brooks, J.* This is an action of contract to recover $537.60 under three counts:

1. Account annexed for supplying forms and pouring concrete.
2. For labor and materials furnished by the plaintiff to defendant.
3. For hire and labor and materials furnished.

The answer is a general denial and the further special answer that the work was done with inferior materials and improper workmanship.

Defendant filed a declaration in set-off alleging that the work contracted for was done in an unworkmanlike manner, inconsistent with warranties as a result of which plaintiff in set-off was damaged. To this defendant in set-off filed a general denial.

At the trial (*Russell, J.*) there was evidence by Mr. Lattimer, treasurer of plaintiff's company, that early in March, 1953, defendant wanted two foundations erected in Canton, Mass., that Mr. Lattimer agreed to provide them; that he supervised the operation of making the forms and pouring the concrete with the aid of two or three men; that he ordered the concrete and when it was delivered, poured it after placing the forms therefor. This work was completed shortly thereafter.

There is testimony by defendant that Mr. Lattimer said, "I will take care of everything."

Defendant produced a witness who qualified as an expert, and, in brief, testified that plaintiff's work was improperly done in many respects and would require an additional outlay of $320 for each foundation.

Another witness for defendant testified to the fact that he and two men worked several days putting the foundations in proper shape and that the fair value of their services and materials was $520.

At the close of the trial, defendant filed the following requests for rulings, all of which were granted by the court:

1. On all the evidence the Court is warranted in finding for the defendant.

2. On all the evidence the Court is warranted in finding for the Plaintiff in Set-Off.

3. On all the law the Court is warranted in finding for the defendant.

4. On all the law the Court is warranted in finding for the Plaintiff in Set-Off.

5. When a party binds himself by a contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and use reasonable and appropriate skill in doing it.

6. On the evidence, the Court is warranted in finding that the plaintiff did not perform the service in a workmanlike manner.

7. A party seeking to recover on a contract which he has not completely performed must have attempted substantial performance in good faith.

8. As a matter of law, the Court may find that the contract was not performed completely.

10. On all the evidence, the Court is warranted in finding that the Plaintiff did not substantially perform his contract in good faith.

11. In an action on a count for work done and materials furnished in building under special contract, which the plaintiff substantially performed, damages is the contract price deducting the diminution in value of the house to the defendant, caused by the deviations.

12. Refusal of performance before work completed has effect of breach of contract.

13. Repudiation of contract, amounting to breach, warrants the other party from further performing his side.

14. One who breaches a contract is liable for the natural and probable consequences of the breach.

15. The Court is warranted in finding that the amounts expended by the defendant and plaintiff in set-off necessary to repair the foundations were the natural and probable consequences of the breach of the plaintiff.

16. The Court is warranted in finding that the plaintiff warranted to assume the responsibility for

the placement of concrete and making of forms necessary to provide foundations.

17. The Court is warranted in finding that the failure to so provide the foundations in a workmanlike manner; and refusal to perform was equivalent to a breach by the plaintiff of his contract with the defendant and plaintiff in set-off.

18. Where the consideration of a contract is executory, or its performance depends upon some act to be done or forborne by the plaintiff or on some other event, the plaintiff must aver performance of such condition precedent or show some excuse for the non-performance.

19. The Court is warranted in finding here that the proper erection of foundations was a condition precedent to payment by the defendant.

The Court found the following facts:

"The plaintiff performed its contract in a satisfactory manner. The foundations were useable for the purposes for which cellar foundations are normally used.

"I find for the plaintiff on original declaration and assess damages in the sum of $520.60 and on declaration in set-off for original plaintiff."

The report filed with the court lacked the usual statement that it contained all the evidence material to the question reported. This lack has been since remedied through amendment.

Defendant's complaint now is that there was an inconsistency between the court's granting of defendant's requests for rulings, and the finding for plaintiff, also that there was no evidence to support the finding, more particularly as to the amount of damage.

The requests for rulings were primarily of two kinds, those based on accepted principles of law set forth in the requests, and the familiar type of request that "on all the evidence the court is warranted in finding for the defendant."

As to those requests based on recognized principles

of law, there was, of course, no error in granting them. As to the second type of request, for example the first request, "on all the evidence the court is warranted in finding for the defendant," these were properly allowed. *Strong v. Haverhill Elec. Co.*, 299 Mass. 455, 456. *Wood v. Spedoni*, 328 Mass. 483, 485. The court said in the latter case, "It is settled that by granting the request that 'the evidence is sufficient to warrant the court in finding for the defendant,' there was no inconsistency in finding for the plaintiff where, as here, the evidence warranted such finding."

Furthermore, a claim of inconsistency must be raised by a motion for a new trial or to correct the inconsistency. As the court said in *Kelsey v. Hampton Court*, 327 Mass. 150, 153:

"If, as the defendant contends, there was any inconsistency between the granting of its fifth request and the general finding for the plaintiff, its remedy was to file a motion in the District Court for a new trial or to correct the alleged inconsistency and to secure a report on any adverse ruling and so preserve for review the question of law. *Biggs v. Densmore*, 323 Mass. 106, 109."

Regarding the plea that the finding on damages was unsupported by the evidence, only one of defendant's 19 requests for rulings, filed at the conclusion of the trial, related to damages, namely No. 11, which was granted. No request presented the issue of insufficiency of evidence now requested by defendant. We are not called upon under these circumstances to reverse the court's finding or order a new trial.

Report to be dismissed.

Joseph G. Galligan, Jr., for the plaintiff.

Henry A. Tempone, for the defendant.