*Southern Division*

**A. BERNARD FELDMAN ET AL**

**v.**

**DAVEY DEVELOPMENT CO., INC.**

(September 7, 1959)

38

*Present:* Nash, P. J., Cox and Sgarzi, JJ.

Case tried to *Kupka, J.,* in the Second District Court of Plymouth, No. 24,848.

*Cox, J.* From the report established by the Appellate Division it appears that this is an action to recover for building materials sold and delivered to the defendant acting by one Soper who is alleged to be the defendant's agent. The plaintiff filed nine requests for rulings of law which appear in the margin. The judge allowed as correct statements of law all the requested rulings except the second, which he denied.

The judge found for the defendant and made special findings as follows: "I find that the plaintiff received a note from one Herbert Soper and his son in the amount of $4743.38 which amount is the amount claimed in the plaintiffs' declaration in this action, and I am therefore finding that the plaintiff extended credit to said Soper and not the defendant."

The plaintiffs claim to be aggrieved on three grounds, "(1) the incompleteness of the action taken by the court on the requests for rulings, (2) the general finding and the findings of fact being inconsistent with the rulings allowed and the evidence, and (3) the denial of the second request for ruling."

David Levine, the defendant's President and Treasurer, testified that he, his wife and nephew were the only stockholders in the defendant corporation; that in early 1956 the defendant had purchased land on Sherman Street in the City of Brockton; that Soper began the construction of dwellings on two

lots of the land; that he knew that the plaintiffs had sold and delivered materials used in the construction of the two dwellings; that title to the lots stood in the defendant's name as a temporary arrangement until three of the nine lots should have been sold at which time the property would be conveyed to Soper and son; that he had told the plaintiffs as early as January 1957 that title to the land stood in the defendant's name; that he advised the plaintiffs that he had an unrecorded construction loan agreement between Soper and the defendant and also advised him whenever he disbursed funds to Soper; that in December 1957 one dwelling was sold by the defendant and the other by the defendant in March 1958; and that there had been no accounting with Soper at the time he testified.

Soper testified that he built the two dwellings; that he and his son selected the plans and sub-contractors; that they were building the houses for themselves; that the lumber and mason materials had been purchased from the plaintiffs and used in the construction of the dwellings; that in March 1957 he had an accounting with the plaintiffs of the balance due and on March 4, 1957 gave the plaintiffs his note for $4743.38, that being the balance due; that he was unaware the houses were being sold, did not know when papers passed, knew the approximate sale price and the name of one of the purchasers, and that he has received no part of the proceeds of the sale.

The male plaintiff testified that he sold and

delivered the materials on Soper's order and charged the same to him; that Levine told him that there was a construction loan by the defendant to Soper on each house in the amount of $7400; that he had taken Soper's note for the balance on March 4, 1957; that he learned only a few days before April 2, 1957, when action was commenced, that title was in the defendant corporation and that Soper had never received title or given a mortgage back to the defendant.

We see no error in the denial of the plaintiffs' requested Ruling No. 2 that "On all the evidence a finding for the plaintiff is required." Its denial may be approved and supported on the authority of Rule 27 of the District Courts (1952) that "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." *Hurley v. Ornsteen,* 311 Mass. 477. However, the Appellate Division in its discretion may review such a request. *Baker v. Davis,* 299 Mass. 345, 349. We chose to do so in the case before us and conclude that on the merits a finding for the plaintiff was not required.

Whether there existed a relationship of principal and agent between the defendant and Soper, or some other relationship such as lender and borrower, presented a question of fact for the trial judge to determine. *Raymond v. Crown & Eagle Mills,* 2 Met. 319;

*Beston v. Amadon,* 172 Mass. 84; *Savage v. Blackstone Beef Co.,* 222 Mass. 81; *Choate v. Assessors of Boston,* 304 Mass. 298; *Stern v. Liberman,* 307 Mass. 77, 81; *Cowan v. Eastern Racing Association, Inc.,* 330 Mass. 135.

■ In our opinion the judge, on the evidence, was warranted in rejecting the plaintiffs' contention that the defendant was the principal of Soper, undisclosed until a few days before the action was commenced, even though, by making the plaintiffs' requested Ruling No. 1 that a finding for the plaintiff was warranted, he conceded that the evidence would have supported a conclusion different from the one he reached. See *Feinberg v. Po'orvu,* 249 Mass. 88; *See v. Nesson,* 249 Mass. 306.

■ When the principal is unknown to the seller at the time of the sale, the seller may, upon discovering the principal, resort to him, or to the agent with whom he dealt, at his election. *Raymond v. Crown & Eagle Mills,* 2 Met. 319, 324; *Allen v. Liston Lumber Co.,* 281 Mass. 440, 445, 446; *Williams v. Investors Syndicate,* 327 Mass. 124, 127.

■ Also, "where the vendor, at the time of the sale, knows the principal and understands that the buyer is the mere agent of another, and elects to give credit to the agent, making him the debtor, he cannot afterwards resort to the principal. *Raymond v. Crown & Eagle Mills,* 2 Met. 319, 324; *Silver v.*

*Jordan,* 136 Mass. 319; *Allen v. Liston Lumber Co.,* 281 Mass. 440, 445, 446.

■ While the acceptance of Soper's note, even though creating a presumption of payment, does not preclude the plaintiffs from foregoing the note and proceeding against the defendant if afterwards they discovered that the defendant was in fact the principal in the transaction, nevertheless the evidence supports a finding that the plaintiffs had as much knowledge of the defendant's connection with the transaction before as after the note was given and accepted. That being so, they cannot now repudiate the note and claim that the defendant was an undisclosed principal in the purchase of the building materials. The point is governed by *French v. Price,* 24 *Pick.* 13, 21, 22; *Raymond v. Crown & Eagle Mills,* 43 Mass. 2 Met. 319, 324; *Lovell v. Williams,* 125 Mass. 439, 441, 442; *Silver v. Jordan,* 136 Mass. 319; *Allen v. Liston Lumber Co.,* 281 Mass. 440, 445, 446.

■ True, the male plaintiff testified that he did not know that title to the land on which the buildings were erected stood in the defendant's name until a few days before commencing action, but the judge was not required to believe that testimony even if it bore importantly on a decisive point as the plaintiffs contend. *Doon v. Felton,* 203 Mass. 267. There was evidence by Levine to the contrary that the plaintiffs knew how the title stood as far back as January.

■ To sum it up, the evidence did not require a finding that the defendant was the

principal of Soper, undisclosed or otherwise, at any time before the commencement of the action, consequently, the denial of the second request was right. *Evans v. County of Middlesex,* 209 Mass. 474, 480.

■ The plaintiffs contend as a cause of grievance that the general and special findings of the judge are inconsistent with the requested rulings which the judge made. In making the ruling in request No. 1 that a finding for the plaintiffs was warranted, the judge followed established practice in a case involving a question of fact. There was no error in making the ruling that a finding for the plaintiffs was warranted and then finding for the defendant. *Bresnick v. Heath,* 292 Mass. 293, 298, 299; *Hoffman v. Chelsea,* 315 Mass. 54; *Liberatore v. Framingham,* 315 Mass. 538; *Quality Finance Company v. Hurley,* 337 Mass. 150.

■ It is not necessary to consider whether the rulings which the judge made at the plaintiffs' request are inconsistent with his general finding for the law is clear that if there be any inconsistency between a general finding and a ruling which has been made, the remedy is a motion to correct the inconsistency, or a motion for a new trial. *Biggs v. Densmore,* 323 Mass. 106, 108, 109; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524, 528; *Plyco Concrete Form Service, Inc. v. Ciardiello,* 10 Mass. App. Dec. 117.

As we perceive no error of law prejudicial to the plaintiffs, an order should be entered dismissing the report.

*Plaintiffs' Requests for Rulings*:

1. On all the evidence, a finding for the plaintiff is warranted.

2. On all the evidence, a finding for the plaintiff is required.

3. A builder who purchases materials for the construction of buildings on land of another with the knowledge of such other, is as a matter of law the agent of such land owner.

4. A defendant who has title to land is estopped to deny that one who purchases material for the erection of a building on such land, and with the knowledge of the defendant, erects a building on such land of the defendant, is an agent of the defendant.

5. A seller charging the price of materials to an agent, may thereafter recover of the principal, if he had no actual knowledge as to who the principal was when the sale was made, even though he had means of obtaining such knowledge.

6. If a seller, charging the price of materials to an agent of an undisclosed principal takes a note of the agent in ignorance of the fact that the agent is acting for an undisclosed principal, the presumption that the note was taken in payment is rebutted and such seller may resort to the undisclosed principal for payment.

7. A seller dealing with an agent of an undisclosed principal, upon discovery of the existence of the principal may resort to such undisclosed principal or to the agent at his election.

8. Where the owner of property holds out another as the true owner of such property, for the purpose of misleading and defrauding another, such owner is estopped to deny that the person so held out as the true owner, is his agent.

9. The relationship of principal and agent may arise by implication from the conduct of the parties and circum-

stance of the case, and the scope of the agency may be determined in the same way.

*Philip Thompson* of Brockton, for the Plaintiff.

*George L. Wainwright* of Brockton, for the Defendant.