LAURENT REVEL *vs.* CORDELIA VEIN.

Middlesex. March 3, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Evidence,* Relevancy and materiality. *Witness,* Contradiction.

In an action of contract, where there was a declaration in set-off and the issues raised by the pleadings were as to amounts of money alleged to have been lent by the parties to each other, and where it appeared that the defendant was a woman and a hotel keeper with whom the plaintiff at times had lived, and no issue was raised by the pleadings as to any amounts due to the defendant from the plaintiff for board or lodging, if both parties introduce evidence in regard to personal relations of the parties, the defendant may testify in direct examination that, at a certain time when the plaintiff was living with her, he did not pay for his board, although previously the defendant had called the plaintiff as a witness and had asked him whether at that time he had paid for board and he had said that he had done so, because, the relations of the parties being in issue as affecting the probability of some of their financial dealings, the subject matter of the question was a material one, on which the defendant might contradict her own witness. *Whether,* if the subject matter had been immaterial, the testimony might have been admitted by the judge in the exercise of his discretion, was not decided.

CONTRACT for $5,463.81, alleged to have been lent by the plaintiff to the defendant. Writ dated August 25, 1911.

The defendant filed a declaration in set-off for $5,084.21, alleged to have been lent to the plaintiff by her.

The case was heard in the Superior Court by *Pratt,* J., who disallowed some and allowed others of the items of both declara-

tions, and found for the plaintiff in the sum of $1,502.50; and the plaintiff alleged an exception, solely to the ruling on evidence stated in the opinion.

*W. H. Bent,* for the plaintiff.

*J. J. Hogan,* for the defendant.

LORING, J.   This action was brought to recover $5,463.81, lent by the plaintiff to the defendant during twenty-five months, beginning April 20, 1909.   The defendant filed a declaration in set-off, in which she claimed from the plaintiff $5,084.21, for money lent by her to him.   Of this sum of $5,084.21, $1,000 was lent in September, 1907; $1,784 was lent "afterwards" and $1,500 was lent "sometime in 1908."   In the body of the exceptions there was no testimony as to the balance amounting to $800.21.   The plaintiff was a Frenchman; the defendant was a hotel keeper.   For ten years, between 1896 and 1906, she kept a hotel in Worcester; for two years, between 1906 and 1908, she kept a hotel in New Bedford, and from "1908 to 1909" she kept a hotel in Lowell.   It appeared that the plaintiff and the defendant became acquainted in 1905, when the plaintiff lived at the defendant's hotel in Worcester. There was evidence that the plaintiff was an author, and that in the early part of 1907, while in Paris, he wrote a book.   The defendant testified that in September, 1907, the plaintiff asked her to lend him $1,000 to pay for the printing of this book (which had been done in Paris), and that she did so.   She further testified that the $1,784 was lent by her to the plaintiff to purchase stock in a certain company in New Bedford, and that the $1,500 was lent to the plaintiff to enable him to protect some shares in an insurance corporation in Canada.   The plaintiff denied that he borrowed the $1,000 or the $1,784.   He admitted borrowing the $1,500, and his defense was that he had repaid it.   The plaintiff also had a different story as to the $1,784.   The defendant called the plaintiff as a witness.   To questions asked by her counsel, he testified that he stayed at the defendant's hotel part of the time in 1908, and that while there he paid his board.   Later the defendant took the stand in her own behalf and was asked by her counsel whether the plaintiff did pay his board while he stayed at her hotel in 1908, and she testified that he did not.   An exception to the admission of this testimony is the only question before us.

There are indications in the bill of exceptions that the defendant was allowed to give this testimony on the ground that, although it was immaterial, the plaintiff's testimony on the point was not binding on the defendant because the defendant, in calling the plaintiff, had called him as an adverse witness. But on this point the bill of exceptions is not clear.

In the trial of the case both parties went into evidence of the relations between them, evidently for the purpose of showing the likelihood or unlikelihood of the defendant lending these sums of money to the plaintiff. The defendant, without objection, put in evidence two love letters from the plaintiff to her, written at Paris in February, 1907, and the defendant testified, without objection, that the plaintiff made her presents of a silk dress, a gold bracelet and an amber necklace; while the plaintiff testified that he sold the dress to her; and that he did not make her a present of the bracelet or necklace.

Whether the plaintiff did or did not pay his board while he lived at the defendant's hotel in 1908, was a fact as to the relations between the parties which, taken in connection with the evidence in the case, might have a bearing upon the likelihood or unlikelihood of the defendant making the loan of $1,784 (which was made in 1908), not to go further back to the loan of $1,000 in 1907. On this ground we cannot say that the evidence was admitted wrongly.

It is not necessary to decide whether if the fact contradicted had been immaterial the presiding judge could, in his discretion, have admitted evidence to contradict it. As to this, see *Hathaway* v. *Crocker,* 7 Met. 262; *Brooks* v. *Acton,* 117 Mass. 204; *Treat* v. *Curtis,* 124 Mass. 348; *Bennett* v. *Susser,* 191 Mass. 329.

<div align="right">

*Exceptions overruled.*