CHARLES A. FOLEY *vs.* JAMES F. LORD.

Suffolk. January 21, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Negligence,* In operating motor car. *Motor Vehicle. Evidence,* Opinion: experts,
Of compromise offer, To prevent injurious inference.

In an action for injuries to the plaintiff and his motor car, sustained, when he was
standing by the side of a street, by reason of being struck by a motor truck, the
driver of which, as alleged by the plaintiff, was forced to change the direction of
his truck in order to avoid a collision with the defendant and in doing so ran into
the plaintiff, the defendant contended that negligence of the driver of the motor
truck was the sole cause of the accident. The plaintiff, who had been an owner
of motor cars for fourteen years and was acquainted with the operation of such
cars and their brakes, was permitted by the presiding judge to give his opinion
that from the marks on the street, which ran back from the rear of the defend-
ant's car for thirty or forty feet, the wheels were locked by the brake, and that,
if the car was going at the rate of eight or even of fifteen miles an hour, it ought
to have stopped when the brakes were set within a distance of twelve feet.
*Held,* that the admission of this testimony was properly within the discretion
of the presiding judge.

In the case above described it also was *held* that evidence, offered by the defendant
to show that the owners of the motor truck had made an offer to the counsel for
the plaintiff to settle the claim against them for $1,000, was excluded rightly.

In the same case the plaintiff, having called the defendant as a witness, asked him,
without objection, "Let's see, have you sued [the owners of the motor truck]?"
The defendant answered, "No." The defendant's counsel then asked the de-
fendant, "What, if anything, have you done in connection with your claim?"

The counsel offered to show that the defendant wrote to the owners of the motor truck and was referred to a liability insurance company, to the adjuster of which he presented his claim for damages arising out of the accident, and was told by the adjuster that the adjuster wanted the defendant to wait until the plaintiff's action was disposed of, as the adjuster did not want to make an admission then which might be used against him or the owners of the motor truck in any way in the claim which the plaintiff had brought or could bring against them. The presiding judge excluded the question to the defendant and also excluded the evidence offered by the defendant's counsel. *Held,* that the exclusion was error and that the evidence should have been admitted in order to correct an inference, which otherwise might have been drawn by the jury, that the defendant, having been sued by the plaintiff, had taken no steps to assert his claim for damages against the owners of the motor truck in case the plaintiff should recover judgment against him.

In the same case it also was *held* that, under St. 1913, c. 716, § 1, the court could not say that the substantial rights of the defendant were not injuriously affected by the exclusion of the defendant's explanation.

In the same case it also was *held* that the defendant and the owners of the motor truck, while not joint tortfeasors, were concurrent tortfeasors, who could be sued jointly or severally as the plaintiff might elect, and that the jury, in so far as this matter was material, should have been instructed to that effect.

Tort for personal injuries and for damage done to the plaintiff's motor car on December 8, 1916, by the negligence of the defendant in the operation of his motor car on St. Alphonsus Street in Boston, whereby a motor truck belonging to copartners known as Miller and Lakin was forced to come into collision with the plaintiff's car. Writ dated April 30, 1917.

In the Superior Court the case was tried before *White,* J. The evidence admitted without objection, and also the evidence admitted and excluded by the judge subject to exception, are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $875; and the defendant alleged exceptions to the admission and exclusion of evidence as described in the opinion and to the portion of the judge's charge, quoted in the opinion, in which the judge said that an action could not be brought jointly against the defendant and Miller and Lakin.

*E. C. Stone,* for the defendant.

*J. E. Crowley,* for the plaintiff.

Braley, J. The action is tort for personal injuries, and for damages to the plaintiff's automobile alleged to have been caused by the carelessness of the defendant while operating an automobile driven by himself. The evidence tended to show and the jury could find, that the plaintiff's car was standing on the right hand

side of a public street near the corner of an intersecting street when an automobile truck, owned by a partnership known as Miller and Lakin and driven by one of their chauffeurs while engaged in their business, ran into the rear of the plaintiff's car, causing the injury and damages previously described. It was the plaintiff's contention that the defendant was responsible because he so operated his car while coming down the street where the plaintiff's car was standing that the chauffeur of the Miller and Lakin truck, which was passing over the intersecting street at right angles with the street where the plaintiff's car stood, was forced to change the direction of his truck to avoid a collision, and in doing so ran into the plaintiff's car. The defendant contended that the driver of the Miller and Lakin truck was solely responsible for the accident. The jury returned a verdict for the plaintiff, and the case is before us on the defendant's exceptions to the admission and exclusion of evidence, and to a portion of the judge's charge.

The plaintiff, who had been an owner of automobiles for fourteen years and was acquainted with the operation of automobiles and automobile trucks, was rightly permitted in the discretion of the presiding judge to give his opinion, that from the marks on the street which ran back from the rear of the defendant's car for thirty or forty feet, the wheels were locked by the brake, and if the car was going at the rate of eight or even fifteen miles an hour, it ought to have stopped when the brakes were set within a distance of twelve feet. *Commonwealth* v. *Thompson*, 159 Mass. 56. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527.

The evidence offered by the defendant that Miller and Lakin had offered to settle with counsel for the plaintiff the claim against them for $1,000 was rightly excluded. The sum for which Miller and Lakin were willing to buy their peace had no probative bearing upon either the defendant's liability or the amount of damages, if the plaintiff was found entitled to recover as against him. It was after the exclusion of this evidence that the plaintiff recalled the defendant and without any exception being taken asked, "Let's see, have you sued Miller and Lakin?" to which the witness answered "No." The defendant's counsel then asked, "What, if anything, have you done in connection with your claim, Mr. Lord?" The judge excluded not only the question but the following offer of proof of the testimony of one Edsall, "that the defendant Lord

wrote to Miller and Lakin and was referred to the General Accident Company, a liability insurance company of which the witness was adjuster, presented his (the defendant's) claim for damages arising out of the accident, and was told by the witness that the latter wanted the defendant to wait until the suit of Foley *v.* Lord was disposed of, as he (the witness Edsall) did not want to make an admission then which might be used against him or Miller and Lakin in any way in the claim which Foley (the plaintiff) had brought or could bring against Miller and Lakin." The evidence should have been admitted. It was the defendant's contention that Miller and Lakin were primarily responsible for the accident. In the absence of this evidence, the jury well might infer that this defence was a mere makeshift, because the defendant, having been sued, had taken no steps whatever to assert his claim against them for damages if the plaintiff recovered judgment. *Revel* v. *Vien*, 218 Mass. 297.

We are asked by the plaintiff to apply St. 1913, c. 716, § 1. But we cannot say that the defendant was not prejudiced in being shut off completely from any reply to a material line of inquiry opened by the plaintiff which, if unexplained, gave him an undue advantage.

The defendant and Miller and Lakin, while not joint, were concurrent tortfeasors who could be sued jointly or severally as the plaintiff might elect, and the jury, in so far as the question was of any consequence, should have been so instructed, instead of being told, that "no action can be brought here under the circumstances of this case against Lord and against Miller and Lakin; but two separate actions could have been brought, and then, if the plaintiff was able to prove that the negligence of each of the defendants in the two actions contributed to the accident to him, he could have his verdict against them both for an equal amount, not a joint amount, but for an equal amount, and then he could take out an execution if they were both found to be liable, take out two executions for the same amount of money, and he hasn't got to collect that half from one and half from the other; he collects his execution against the one that he pleases." *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575. *Brown* v. *Thayer*, 212 Mass. 392, 397.

*Exceptions sustained.*