ALBERT J. LEBLANC *vs.* PIERCE MOTOR COMPANY.

SAME *vs.* ARTHUR J. PIERCE.

Worcester.  September 23, 1940. — December 12, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Motor Vehicle,* Registration, Operation. *Agency,* What constitutes. *Negligence,* Motor vehicle, Violation of law. *Evidence,* Presumptions and burden of proof.

In an action against a corporation for damage to a truck on a highway caused by negligence of the operator of an automobile registered in the name of the defendant, such registration was *prima facie* evidence that the operator was one for whose conduct the defendant was legally responsible under § 85A of G. L. (Ter. Ed.) c. 231; and, if evidence to the contrary was not binding upon the plaintiff as a matter of law, it was proper to deny a motion for a directed verdict for the defendant on that issue.

Evidence as to speed and inattention on the part of one operating an automobile without a license and while under the influence of intoxicating liquor on a rainy night warranted a finding of negligence on his part causing a collision with a truck parked on a highway.

That a bailee in general control of an automobile permitted it to be operated, in violation of § 12 of G. L. (Ter. Ed.) c. 90, by one whom he

knew to be without an operator's license and under the influence of intoxicating liquor warranted a finding of negligence of the bailee which was the proximate cause of a collision causing damage to a motor truck parked on the highway.

Two ACTIONS OF TORT. Writs in the District Court of Fitchburg dated February 16 and March 1, 1939, respectively.

On removal to the Superior Court, the cases were tried together before *Morton*, J., and in each case a verdict was returned for the plaintiff in the sum of $300. The defendants alleged exceptions.

*W. M. Quade*, for the defendants.

*W. I. Shattuck, Jr.*, for the plaintiff.

QUA, J. Both actions are brought by the owner of a motor truck that was parked on Water Street in Fitchburg in the evening of February 6, 1938, to recover for damage done to the truck when it was struck by an automobile registered in the name of the corporate defendant and driven by one Metivier. These actions arise out of the same accident that was the subject of the decision in *Theriault* v. *Pierce, ante*, 532.

In each of the present cases the only exception is to the denial of the defendant's motion for a directed verdict for the defendant. The judge submitted the action against the corporate defendant to the jury on the ground that there was evidence of negligent operation of the offending automobile by the corporation's agent or servant. He submitted the action against Pierce to the jury on the ground that there was evidence of negligence on the part of Pierce in that, while the automobile was under his control, he violated G. L. (Ter. Ed.) c. 90, § 12, by allowing Metivier to operate it when he had no operator's license and so had no legal right to operate (G. L. [Ter. Ed.] c. 90, § 10), and also by allowing Metivier to operate in violation of G. L. (Ter. Ed.) c. 90, § 24, Metivier being under the influence of intoxicating liquor.

The judge was right in both cases.

1. The fact that the automobile was registered in the name of the corporate defendant as owner was *prima facie*

evidence as against that defendant that Metivier, the operator, was a person for whose conduct that defendant was legally responsible, and the burden was upon the defendant to prove that the operator was not such a person. G. L. (Ter. Ed.) c. 231, § 85A. Although there was much evidence from which it might have been found that Metivier was not acting as the agent or servant of the corporate defendant, there was nothing to that effect by which the plaintiff was bound or which as matter of law required a ruling that the defendant had sustained the burden of proof cast upon it by the statute. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. *Haun* v. *LeGrand,* 268 Mass. 582. *Greenburg* v. *Gorvine,* 279 Mass. 339, 341. *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446, and cases cited.

There was evidence of negligent operation by Metivier. The jury could have found that he had no driver's license (*Kenyon* v. *Hathaway,* 274 Mass. 47, 55); that he was more or less under the influence of liquor (*Learned* v. *Hawthorne,* 269 Mass. 554, 561); and that he drove on a rainy night between forty and forty-five miles an hour after he had been told by a passenger not to drive so fast and ran into the rear of the parked truck. *Langill* v. *First National Stores Inc.* 298 Mass. 559. There was further evidence that visibility was affected by "steam" on the windshield (see *Quinlivan* v. *Taylor,* 298 Mass. 138), and that a few seconds before the accident Metivier had taken his hand off the wheel and had allowed his attention to be diverted to the "tuning" of a radio that was in the automobile. *Crowley* v. *Fisher,* 284 Mass. 205.

2. There was evidence of negligence of the individual defendant, Arthur J. Pierce, in violating G. L. (Ter. Ed.) c. 90, § 12. It could be found from the evidence of admissions of Pierce that he, having at the time general control of the automobile, gave Metivier the keys and allowed him to drive it. The plaintiff was not bound by evidence to the contrary even though it came from witnesses called by him. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 110. *Fulton* v. *Edison Electric Illuminating Co. of Boston,* 303 Mass. 258, 263, 264. There was

evidence that Metivier's license had been suspended and not restored, and also that Metivier, when allowed to take the automobile, was under the influence of liquor to such an extent that it could have been found that Pierce knew of it. Even if Pierce did not know that Metivier had no license, Pierce none the less violated § 12 in allowing an unlicensed person to operate. *Conroy* v. *Mather,* 217 Mass. 91, 92, 93–94. See *Di Cecca* v. *Bucci,* 278 Mass. 15; *Commonwealth* v. *Sabean,* 275 Mass. 546, 552; *Foley* v. *John H. Bates Inc.* 295 Mass. 557, 563–564.

The jury could find that negligence of Pierce in violating c. 90, § 12, was a substantial contributing cause of the accident. *Gordon* v. *Bedard,* 265 Mass. 408. *Theriault* v. *Pierce, ante,* 532. They were not obliged to believe, from the varying statements contained in the evidence, that Pierce's permission to Metivier to take the automobile was limited to taking it to "the garage," if that would be material (see *Blair* v. *Travelers Ins. Co.* 291 Mass. 432), and in any event they could find that according to common experience a man in the condition in which they could find Metivier to have been, if entrusted with an automobile, would be likely to take it wherever the fancy of the moment might suggest.

The position of the defendant Pierce in these cases differs from his position in *Theriault* v. *Pierce, ante,* 532. There the plaintiffs were passengers in the automobile to whom Pierce owed no greater duty than to licensees. Here the plaintiff, with respect to his truck, was a traveller on the highway to whom Pierce owed a duty of due care.

In each case the entry will be

*Exceptions overruled.*