THEODORE E. LUCIER, administrator, *vs.* CHARLES NORCROSS.

Worcester. September 23, 1941. — October 31, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Evidence,* Opinion: expert. *Witness,* Expert. *Negligence,* Motor vehicle, Use of way, Contributory.

The distance at which the lights of an ordinary automobile on "low beam" at night would disclose a pedestrian on the way was a proper subject for expert testimony.

Testimony by one working as an investigator for the registry of motor vehicles was evidence of his qualification to give expert testimony as

to the distance at which ordinary automobile lights would disclose an object on the way.

Testimony of an expert as to how far the lights of an ordinary automobile would pick up an object on the road was not inadmissible on the ground that it involved an assumption that the lights of a certain automobile involved in the case conformed, at least roughly, to an average or normal standard.

Evidence warranted a finding that the operator of an automobile, who testified that he drove on for two hundred fifty feet while blinded by lights of approaching automobiles, was negligent toward a pedestrian then struck by the automobile.

A finding that a pedestrian, struck and killed by an automobile at night on a public way, was guilty of contributory negligence was not required where there was little or no evidence of what he was doing or how he was proceeding when he was struck, and all the evidence that he was in a position of unnecessary danger or was negligent came from the defendant.

TORT. Writ in the Central District Court of Worcester dated May 11, 1939.

On removal to the Superior Court, the action was tried before *Leary*, J. There was a verdict for the plaintiff in the sum of $3,885.

*S. B. Milton*, for the defendant.

*W. W. Buckley*, for the plaintiff.

QUA, J. On December 15, 1938, at about ten o'clock in the evening, the plaintiff's intestate, Henry Lucier, while on a public highway in Charlton, was struck and killed by an automobile driven by the defendant. The issues are whether there was any evidence of the defendant's negligence, whether as matter of law the deceased was guilty of contributory negligence, and whether there was error in admitting certain evidence.

We deal first with the evidence point. The plaintiff called as a witness an investigator for the registrar of motor vehicles. On direct examination the witness testified that he had an opinion as to how far the lights of an ordinary motor vehicle "turned on a low beam" will pick up an object the size of an average man. Against the defendant's exception he was then permitted to testify that the distance was about thirty to thirty-five feet. Since the defendant himself testified that his lights were on "low beam" at the time of the accident, the distance at which his lights in that

position would disclose a pedestrian in the way was material to the case. This was a matter about which an expert might be expected to possess more accurate information than the ordinary juryman and was therefore a proper subject for expert testimony. The evidence was not inadmissible on the ground that it involved an assumption that the defendant's lights conformed, at least roughly, to an average or normal standard. There was a reasonable basis of probability for that assumption. Headlights on motor vehicles and devices which alter the beam must be approved by the registrar. G. L. (Ter. Ed.) c. 90, § 7, as amended. The lights of motor vehicles are regularly inspected and corrected in accordance with statutory provisions. G. L. (Ter. Ed.) c. 90, § 7A. Much of the testimony habitually received in trials involving motor vehicles and other machines and objects known to be of a generally similar pattern rests upon a reasonable probability that, in the absence of anything to the contrary, the particular article involved conforms in its ordinary characteristics to the general type. See, for example, *Foley* v. *Lord*, 232 Mass. 368, 370; *Tuttle* v. *Connecticut Valley Street Railway*, 239 Mass. 553, 557. The testimony of the witness carried in itself the implication that there existed a criterion which made it possible for him to give fair and honest answers to the questions asked of him. We think that the witness's testimony that he was an investigator for the registry of motor vehicles and had actually worked in that capacity was some evidence of his competence to testify as an expert in regard to the lights. *Gechijian* v. *Richmond Ins. Co.* 305 Mass. 132, 142.

There was evidence of the defendant's negligence. The accident happened on a straight road in a country district. The defendant himself testified that, although he was "blinded" by the lights of three automobiles coming in the opposite direction, he continued on for about two hundred fifty feet "into that space where he had no vision"; that he looked to the side of the road to guide his car "by the light from the shoulder"; that he did not see the deceased; that if he saw him six feet ahead he "was doing well"; that "there was this black object [the deceased]

and that there it was; that this is about the only way he can describe it"; and that the deceased "came up over that front fender . . . and took the left front headlight with him." There was evidence from another source of two marks of dragging wheels on the road made by the defendant's automobile which were respectively sixty-five and sixty-seven feet in length. If the jury believed that the defendant was blinded by headlights, as he testified, they could find him negligent in continuing for such a distance in that condition until he struck the deceased, and if they did not believe him they could find him negligent in not seeing the deceased in time to avoid him. *Conrad* v. *Mazman*, 287 Mass. 229. *Carbonneau* v. *Cavanaugh*, 290 Mass. 139, 141. *Hall* v. *Shain*, 291 Mass. 506, 508, 509.

It does not appear that as a matter of law the deceased was contributorily negligent. The plaintiff is entitled to the benefit of the due care statute, G. L. (Ter. Ed.) c. 231, § 85. We cannot say that any negligent conduct on the part of the deceased has been proved. The burden of proving such conduct was upon the defendant. *Brown* v. *Henderson*, 285 Mass. 192. There is little or no evidence as to what the deceased was doing or how he was proceeding. He was seen only by the defendant and then at the instant when he was hit. All the evidence in the case having any tendency to prove that the deceased was in a position of unnecessary danger or was negligent came from the defendant. But the jury were not obliged to believe the defendant. If they did not believe him all that would be left would be that the deceased was killed upon the highway. This does not prove that he was negligent. He might have been proceeding in a perfectly proper place and manner. *Mercier* v. *Union Street Railway*, 230 Mass. 397, 403. *Mulroy* v. *Marinakis*, 271 Mass. 421, 423, and cases cited. *Snow* v. *Nickerson*, 304 Mass. 63, 65. *Ambrose* v. *Boston Elevated Railway*, 309 Mass. 219, 222, 223.

*Exceptions overruled.*