THOMAS GAINES *vs.* LOUIS RATNOWSKY.

THERESA GAINES O'CONNOR *vs.* SAME.

Hampden.    December 30, 1941. — March 31, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Use of way, Contributory.

On evidence of high speed of an automobile operated by the defendant, of obstruction of his vision by weather conditions, of some inattention to his driving, and that his automobile in an intersection collided with great force with the side of an automobile operated by the plaintiff, which was the first to enter the intersection, did so at a slow speed and was not seen by the defendant until just before the collision, the questions of the defendant's negligence and of the plaintiff's contributory negligence were for the jury even if the plaintiff did not see the defendant's automobile approaching.

Two ACTIONS OF TORT. Writs in the District Court of Springfield dated December 14, 1937.

Upon removal to the Superior Court, the actions were tried before *Leary,* J. In this court they were submitted on briefs.

*A. D. Giustina,* for the defendant.

*S. A. Moynahan & H. A. Moran,* for the plaintiffs.

Cox, J. These are two actions of tort brought by a mother and her minor son to recover damages for personal injuries resulting from the collision of the automobile operated by the mother and an automobile operated by the defendant on November 20, 1937. The mother, by the second count of her declaration, also sought to recover consequential damages resulting from the injury to her son. The trial judge denied a motion, in each case, subject to the defendant's exceptions, for a directed verdict "on all the law, pleadings and evidence." The jury returned a verdict for the minor plaintiff, and verdicts for the plaintiff on each count of the declaration in the other action. The judge reserved leave to enter verdicts for the defendant, but thereafter denied motions for "judgment" for the defendant under leave reserved, subject to the defendant's exceptions. These are the only exceptions.

There seems to be no dispute as to the following facts. The collision occurred at about two o'clock in the afternoon when the weather was misty. It was raining and snowing, and the road was wet. The automobile operated by the mother, who is hereinafter referred to as the plaintiff, was proceeding southerly on Melha Avenue, in Springfield, in the direction of Chapin Terrace. Her son was sitting in the front on the lap of a passenger. The defendant was travelling in an easterly direction on Chapin Terrace. Both streets are approximately thirty feet wide, and the collision occurred at a point two feet five inches south of a line drawn from east to west through the center of the intersection, and five feet five inches east of a line drawn from north to south through said center.

1. It could have been found that the defendant was negligent. There was evidence that when the automobile,

operated by the defendant, passed a point that was from four hundred to four hundred twenty-five feet from the intersection, it was travelling at a rate of speed of fifty miles an hour, and that the collision occurred four or five seconds later. The defendant testified that his view to the left (the direction from which the plaintiff's automobile came) was "bothered" by the fact that his windshield and windows were getting cloudy with mist and that he could not see very far because of the snow and mist in the air. Although there was evidence that at the intersection one could see three or four hundred feet into Melha Avenue, the defendant testified that he could see fifty or sixty feet. He also testified that he did not see the plaintiff's automobile until just before the collision. There was evidence that some time after the collision, the defendant stated that as he came "up the hill," he was talking to a companion who was riding with him, and the "first thing . . . [the plaintiff was] in front of him"; that he said to his companion: "Duck! we are going to hit somebody," and that he also stated to another witness that, at the time, he was talking to his companion and that "when he looked in front of him again," he saw the plaintiff's automobile in front of him and told his companion to "Look out" or "Duck . . . we are going to hit somebody." Although he testified that his automobile was stopped at the time of the collision, there was evidence that his companion's head went through the windshield, and that the defendant had to pull out the glass in order to free him. From photographs that were in evidence, as well as oral evidence as to the damage to the automobiles, it could have been found that the defendant's automobile collided head on with the right side of the automobile operated by the plaintiff. Here we have evidence of weather conditions admittedly impairing the defendant's range of vision, see *Arnold* v. *Colbert*, 273 Mass. 161, 163; *Clark* v. *C. E. Fay Co.* 281 Mass. 240, 243; *Quinlivan* v. *Taylor*, 298 Mass. 138, 140; *LeBlanc* v. *Pierce Motor Co.* 307 Mass. 535, 537, evidence of the admitted failure of the defendant to see the plaintiff's automobile until just before the collision, see *Baczek* v. *Damian*, 307

Mass. 167, some evidence of the defendant's inattention, see *Crowley* v. *Fisher*, 284 Mass. 205, 207; *LeBlanc* v. *Pierce Motor Co.* 307 Mass. 535, 537, evidence of the rate of speed of the defendant's automobile, *Desroches* v. *Holland*, 285 Mass. 495, 496; *Marshall* v. *Carter*, 301 Mass. 372, 376, together with the evidence of the condition of the automobiles after the collision and of the fact that the force and direction of the impact were of such a character as to precipitate the head of the defendant's companion through that part of the windshield in front of him. As was said in *Smith* v. *Axtman*, 296 Mass. 512, at page 514: "The jury were not required to pass separately upon the various elements which entered into the defendant's conduct. They could view that conduct as a whole." The jury could find that the defendant in the cases at bar was negligent.

2. The defendant contends that the plaintiff was contributorily negligent as matter of law, and that a verdict should have been ordered for the defendant, notwithstanding the provisions of G. L. (Ter. Ed.) c. 231, § 85. It was for the jury to determine whether the plaintiff's operation of the automobile without a license contributed to the injury. *Peabody* v. *Campbell*, 286 Mass. 295, 301. The jury could have found that the plaintiff started the automobile from a position on her right side of Melha Avenue; that she shifted into second gear when about one hundred to one hundred fifty feet from the intersection; that she intended to go "straight" through the intersection; and that she was not travelling faster than ten miles per hour. Although she testified that she did not see the defendant's automobile, she also testified that she had no memory of seeing it, see *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 310–311, and cases cited; that she had a memory of going into the intersection, but that her mind "is blank as to what happened after that"; and that she had no recollection of the accident whatever until four or five months prior to the trial of the cases in June, 1940. *Barnett* v. *Boston Elevated Railway*, 244 Mass. 418, 420. There was evidence that she was rendered unconscious; that her windshield wiper was

operating; that she had no difficulty in seeing the road; that her vision to the right was clear; and that there was nothing to prevent her from seeing an automobile coming from that direction.

The jury could have found from the evidence of the speed of the two automobiles that the plaintiff's automobile entered the intersection first. Accordingly, she had the right of way. G. L. (Ter. Ed.) c. 89, § 8. This right, however, was not absolute and exclusive, and did not relieve her of the duty of exercising reasonable care. *Bresnick* v. *Heath*, 292 Mass. 293, 297. If it be assumed that she did not look to her right as she approached and entered the intersection, and also that if she had, she could have seen the oncoming automobile of the defendant, the fact remains that the defendant, if he had looked, could have seen that the plaintiff had entered the intersection before him, and we think that it could have been found that, when the plaintiff entered the intersection, the defendant must have been a considerable distance away from it. If the plaintiff had, in fact, seen the defendant, she could have assumed, to a reasonable extent, that the defendant also saw that she was within the intersection, knew that she had the right of way, and that he would grant that right of way to her. *Harlow* v. *Corcoran*, 290 Mass. 289, 293. The fact that the plaintiff did not see the defendant's automobile is not conclusive evidence that she was negligent. *Morton* v. *Dobson*, 307 Mass. 394, 396. It may well be an important factor for the consideration of the jury. It is to be remembered that, in cases of this character, we are dealing with reciprocal rights and obligations of travellers upon the highway, subject to such statutory provisions as may affect that relationship. It has repeatedly been said that where a collision occurs between automobiles at an intersection of ways, the question whether there has been negligence on the part of either or both of the operators is generally one of fact. See *Brightman* v. *Blanchette*, 307 Mass. 584, 586, and cases cited. Before the enactment of the due care statute, so called (St. 1914, c. 553), it was said that, while due care must be shown by the plaintiff in order that it may be seen that an

injury to him was not occasioned by any contributory negligence on his part, it was not necessary that any positive act of care should be proved. "It may be inferred from mere absence of fault, when sufficient circumstances are shown fairly to exclude the idea of negligence on his part." *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, 382. *Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276, 281. In the cases at bar, however, it is not necessary to base our conclusion upon this statement of the law. Here we have evidence of the plaintiff's conduct which has already been recited. These recitals, together with the evidence relating to the conduct of the defendant, presented a question of fact as to whether the plaintiff was contributorily negligent. See *Cohen* v. *Martin*, 298 Mass. 425, 427. We are of opinion that it was a question of fact for the jury to determine whether the plaintiff was contributorily negligent. *Lucier* v. *Norcross*, 310 Mass. 213, 216.

The defendant has not raised any question of the plaintiff's right to recover in her action for consequential damages other than his general contention that as matter of law she was contributorily negligent. In the consideration of her case, however, we have not overlooked the rule stated in *Thibeault* v. *Poole*, 283 Mass. 480, 487–488, as to the burden of proof. It is enough to say that in any event it could not have been ruled as matter of law that she was contributorily negligent.

3. The defendant contends, however, that whatever the rule may be in the plaintiff's case, a verdict should have been ordered for the defendant in the action of her minor son. The correctness of any ruling as to the burden of proof is not before us. It will be recalled that the only exceptions in either case relate to the denial of the defendant's motions for a directed verdict and for "judgment" under leave reserved. The charge of the trial judge is not printed in the record. It is to be assumed that he instructed the jury fully as to the relative rights and obligations of the parties and in accordance with the rule stated in *Gallagher* v. *Johnson*, 237 Mass. 455, 457–459. In any event, the parties appear to have been satisfied with what he said. All parties

appear to have assumed that the son, who was not more than four years and four months old at the time of his injury, was in the immediate control of his mother, the plaintiff, and that she was responsible for his safety. See *Gallagher* v. *Johnson*, 237 Mass. 455, 457, 458. As a general rule, apart from any statutory provision to the contrary, the right of the son to recover for the defendant's negligence depends upon whether the plaintiff, as his custodian, was contributorily negligent. From what has already been said it could not have been ruled that the plaintiff was contributorily negligent. There was no error in the denial of the motions.

We have dealt with all questions that were argued by the defendant.

*Exceptions overruled.*