Noonan, J.
The defendant, Scott D. Drury (“Drury”), has appealed the entry of responsible findings against him in two Winchendon District Court cases in which he was charged 0) with setting an open air fire in violation of G.L.c. 48, §13 (No. 0870CR0432), and (2) with eleven counts of storing unused motor vehicles in violation of a municipal by-law (No. 0870CR0433). Both complaints were originally charged as criminal offenses, but were converted to civil infractions upon the allowance of the Commonwealth’s G.L.c. 277, §70C motion.
The record discloses that the following evidence was presented in the trial court. On April 16,2008, the Templeton police department received a telephone call about an out-of-control fire at 24 Drury Lane, Drury’s residence. Templeton police chief David Whitaker (“Chief Whitaker”) drove to the scene. Upon arrival, he saw Drury, Drury’s father, and a large pile of burning material. Chief Whitaker observed that the fire was approximately 25 feet wide by 75 feet long, and approximately 10 to 15 feet high, and that wooden pallets and building material were in the fire. He watched as Drury and his father attempted unsuccessfully to bring the fire under control with a garden hose. Chief Whitaker immediately contacted the Templeton fire department, which was busy on another call. The Templeton fire department contacted the Gardner and Phillipston fire departments to assist at the scene.
Drury had applied for and received a permit for burning small brush, and was given a written description of what could and could not be burned. The permit, inter alia, did not allow for the burning of building material, and restricted the materials burned to no more than four inches in diameter. At some point on April 16, 2008, Drury acknowledged to Chief Whitaker that he had intentionally burned the wooden pallets.
While waiting for the fire departments of Templeton, Gardner, and Phillipston to arrive, Chief Whitaker observed eleven vehicles of various types on the Drury property, none of which had registration plates and all of which were -within 150 feet of a public way, in violation of art. XI of the municipal by-laws of the town of Templeton. *122 Drury had no special license to maintain these vehicles on his land.
Throughout Drury’s somewhat desultory brief is a reoccurring theme of what appears to be his challenge to the sufficiency of the evidence presented at trial. As noted, Drury was charged with a violation of G.L.c. 48, §13 for setting or maintaining a fire in the open without permission or not in accordance with any conditions of such permission. The trial judge’s memorandum of decision indicates that the court largely credited the testimony of Chief Whitaker who, after responding to the scene of the fire, observed not only Drury burning pallets and building material, but also that the fire was approximately 80 to 100 feet long and 25 to 70 feet wide. Drury also admitted to Chief Whitaker that he had intentionally burned the pallets. Rules 8 and 9 of Templeton’s “Rules for Open Burning Residential,” which had been entered as an exhibit at trial, list the materials permitted to be burned, including brush, driftwood, cane, and forest debris from a source other than commercial or industrial land clearing operations. The materials burned could not exceed 4 inches in diameter. The Rules strictly prohibited the burning of grass, hay, leaves, and stumps as well as the burning of tires or any other combustible material. As the trial court was the arbiter of the weight and credibility of the witnesses’ testimony, the court could have properly accepted Chief Whitaker’s testimony that was based upon his first-hand observations and was supported by the open burning rules. The evidence in its entirety was more than legally sufficient to support the court’s finding of Drury’s responsibility for violating G.L.c. 48, §13.
Drury also complains that no physical evidence was produced to prove he was outside of the allowed material for burning, but the court could easily rely on Chief Whitaker’s testimony that he observed pallets and building material in the fire, which items are clearly outside of Rules 8 and 9. These observations, coupled with Drury’s admission to Chief Whitaker that he intentionally burned the pallets, are more than sufficient to sustain the Commonwealth’s burden.
Drury further attacks the sentence imposed, stating that no written forms or documents were presented in the Commonwealth’s demand for restitution. Section 13 of G.L.c. 48 provides that, if there is no imprisonment imposed, someone who violates that statute is to be punished by a fine of not more than $500.00, plus the cost of suppression. There was no restitution ever ordered in this case, and a tremendous amount of testimony based upon personal knowledge of the Templeton fire chief Thomas Smith (“Chief Smith”) was used by the court to calculate the cost of suppression, which was then subsequently imposed as a fine. Written or documentary evidence was not required where the testimony was based on the personal knowledge of Chief Smith.
Drury was also found responsible for violating 11 counts of art. XI of the municipal by-laws of the town of Templeton, which prohibits residents from keeping unregistered vehicles within 150 feet of a public way or within 50 feet of the property line of a neighbor. Drury claims that no measurements with an actual tape measure were made or entered into evidence. The court appears to have relied heavily upon Chief Whitaker’s testimony and first-hand observations and estimates as to yardage and distance based upon his specialized training and own life experiences; based on this, there was no genuine dispute as to the distance of the vehicles. See Foley v. Lord, 232 Mass. 368, 370 (1919).
The balance of Drury’s arguments consists of one-line objections with allegations *123 and legal terms following these objections without argument or elaboration. These terms include references to double jeopardy, speedy trial, fair trial, and due process. Drury throws these terms around without argument or elaboration, however, leaving this Division to speculate or guess what legal point, if any, Drury is attempting to make. They are incoherent and without merit.
Accordingly, we find that the judgments of the Winchendon District Court were supported by sufficient evidence and will not be disturbed. Judgments affirmed.
So ordered.