FREDERICK J. RUNNELLS *vs.* WILLIAM F. CASSIDY.

Hampden.    October 30, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Contributory. *Practice, Civil,* Auditor: findings. *Evidence,*
    Presumptions and burden of proof.

A finding by an auditor that a plaintiff in an action for personal injuries
    was in the exercise of due care, not based solely on his subsidiary find-
    ings and not inconsistent therewith, required submission of that issue
    to a jury to be weighed against contrary evidence, and even against
    the plaintiff's own contrary testimony which was not as to facts of
    which he alone had knowledge.
A finding by an auditor that the plaintiff was in the exercise of due care
    when injured was not necessarily inconsistent with a subsidiary finding
    that, while he "was fully cognizant of the risk incurred by him . . .
    and hence was bound to be on the alert in looking out . . . for his
    own safety . . . he nevertheless had reason to expect that he would
    not be exposed to dangers which could have been avoided" if the de-
    fendant had acted without negligence toward him, nor with a subsid-
    iary finding that his attention had been momentarily diverted.

TORT. Writ in the District Court of Springfield dated
March 10, 1937.

On removal to the Superior Court, the case was tried
before *Dillon,* J., and a verdict was returned for the plain-
tiff in the sum of $3,150.

The case was submitted on briefs.

*A. R. Simpson,* for the defendant.

*H. E. Allen, W. W. Yerrall, & A. W. Bettigole,* for the
plaintiff.

FIELD, C.J.    The plaintiff seeks in this action to recover
compensation for personal injuries sustained by him while
in the performance of his duties as a police officer of the
city of Springfield, resulting from negligence of the defend-
ant in the course of removing a milk wagon from a hole in
a street with the aid of a "towing car." The case was
referred to an auditor whose findings of fact were not to be

final. The auditor found for the plaintiff. The case was tried to a jury upon the auditor's report and testimony of witnesses, including the plaintiff and the defendant. There was a verdict for the plaintiff. To the denial of a motion of the defendant for a direction of verdict in his favor, the defendant excepted. The sole contention now made by him is that this motion should have been granted, for the reason that the plaintiff as matter of law on the evidence was guilty of contributory negligence. This contention cannot be sustained.

The burden of proving contributory negligence of the plaintiff was on the defendant. G. L. (Ter. Ed.) c. 231, § 85. The auditor, however, found affirmatively in express terms "that the plaintiff was in the exercise of due care when this accident happened." This ultimate finding did not purport to be based solely upon the subsidiary findings of the auditor and consequently imported findings of subsidiary facts — not necessarily inconsistent with express subsidiary findings — sufficient to support the ultimate finding. *Murphy* v. *Smith, ante,* 64.

There are no express subsidiary findings of the auditor necessarily inconsistent with the ultimate finding — or the subsidiary findings imported thereby — that the plaintiff was in the exercise of due care. There is no necessary inconsistency between this ultimate finding and the finding that while the plaintiff "was fully cognizant of the risk incurred by him in the performance of his official duties on this occasion and hence was bound to be on the alert in looking out not only for his own safety but for that of the public as well, he nevertheless had reason to expect that he would not be exposed to dangers which could have been avoided if proper precautions had been taken, especially when the work of removing the milk wagon from the hole was being done by a person with the defendant's known experience and achievements in that particular line." These findings considered together, do not disclose that the finding that the plaintiff was in the exercise of due care was vitiated by any error of law. A person, though "bound to be on the alert in looking out . . . for his own safety"

may rely to some extent on the expectation that "he would not be exposed" by another person "to dangers which could have been avoided if proper precautions had been taken," and still be in the exercise of due care. See *McCarthy* v. *Morse,* 197 Mass. 332, 336; *Gagnon* v. *Worcester Consolidated Street Railway,* 231 Mass. 160, 162; *Hennessey* v. *Moynihan,* 272 Mass. 165, 168. The finding that the plaintiff was in the exercise of due care was not necessarily inconsistent with his having relied to some extent on the defendant's acting without negligence toward him. And there is no necessary inconsistency between the finding that the plaintiff was in the exercise of due care and the findings that "When the wagon was being attached to the towing car the plaintiff, in the line and discharge of his duty, had been standing a short distance north of the southerly end of the hole and about three or four feet west of the left side of the wagon. He was then facing the milk wagon and observing the defendant's movements, but just before the towing car was set in motion his attention was diverted, owing to the fact that some man, whose identity was unknown, approached him and asked a couple of questions. This incident caused the plaintiff to turn his head toward the man who was speaking to him and he did not know that at about the same moment the defendant had set the towing car in motion." It could not have been ruled as matter of law that the plaintiff was negligent in standing where he did or in permitting his attention to be diverted temporarily in the manner described. See *Patrick* v. *Pote,* 117 Mass. 297, 301; *Gile* v. *J. W. Bishop Co.* 184 Mass. 413; *Pickwick* v. *McCauliffe,* 193 Mass. 70; *McCarthy* v. *Morse,* 197 Mass. 332, 336.

The affirmative finding of the auditor that the plaintiff was in the exercise of due care tended to rebut any testimony to the contrary. And the plaintiff was entitled to the benefit of this finding as evidence to be weighed by the jury, even as against his own testimony. *Murphy* v. *Smith, ante,* 64. In this state of the evidence it could not have been ruled as matter of law that the plaintiff was guilty of contributory negligence. Whether his testimony, standing

alone, would require a different conclusion need not be considered.   We do not intimate that it would.

*Exceptions overruled.*