ALLEN V. TAGERMAN *vs.* RAILWAY EXPRESS AGENCY,
INCORPORATED.

Suffolk.   December 3, 1940. — April 2, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory. *Practice, Civil*,
   Auditor: findings.

Ultimate findings by an auditor, which were not final and did not pur-
   port to be based solely on his subsidiary findings, that the operator
   of the defendant's motor truck, parked on an incline across a sidewalk,
   was negligent in releasing his brakes without looking for and warning
   possible pedestrians, and that the plaintiff, a pedestrian, who, when
   he saw the truck move toward him as he was walking around it in the
   street, turned and was struck by a passing automobile, was not shown
   to have been guilty of contributory negligence, were not inconsistent
   with subsidiary findings, and were evidence warranting a finding for
   the plaintiff.

TORT.   Writ in the Municipal Court of the City of Bos-
ton dated November 21, 1938.

Upon removal to the Superior Court, there was a finding
by *Brown*, J., for the plaintiff in the sum of $584.50.

*A. M. Pinkham*, (*D. F. McNeil* with him,) for the defend-
ant.

*R. Landau*, for the plaintiff.

DOLAN, J.   This is an action of tort to recover compen-
sation for personal injuries.   The case was referred to an
auditor whose findings were not agreed to be final.   There-
after the case was heard by the judge upon the auditor's
report as the only evidence.   The judge found for the plain-
tiff, and the case comes before us upon the defendant's ex-
ceptions to the denial of its requests for certain rulings.

Material facts found by the auditor may be summarized
as follows: On August 15, 1938, at about 5:15 P.M. the
plaintiff was walking on the sidewalk of Brookline Ave-
nue from the direction of Kenmore Square.   As he pro-
ceeded his passage was obstructed by two trucks twenty-

five to thirty feet long, each of which was backed up almost to the building line with its body extending into the roadway. The plaintiff stepped into the roadway which was wide enough to accommodate four motor vehicles abreast. However, automobiles were then parked on each side leaving only two lanes available for the passage of vehicles. The truck more distant from the plaintiff was in charge of an operator in the employ of the defendant, and was being used in the course of its business. The operator was seated in the cab of the truck with another man. The plaintiff passed in front of the first truck, walking rapidly, and was then seen for the first time by the operator of the defendant's truck, who a moment before had released the brakes but had not engaged the gears of the truck. Being on an incline toward the roadway, the truck rolled forward slowly. The operator applied the brakes and the truck stopped after having rolled about a foot. In the meantime, and while the defendant's truck was still moving, the plaintiff had reached a point in front of it. He "threw up his hands and swung around trying to escape." As he did so he caught his "left thumb" on an automobile which was being driven by one Doyle toward Kenmore Square. This vehicle "passed close to the plaintiff." He stumbled and was thrown against the front of the defendant's truck. His "left thumb" was sprained and he sustained contusions of the right thigh and of both buttocks and a slight concussion of the brain.

After findings concerning damages, the auditor, summing up, found that the plaintiff's injuries were due to the negligence of the defendant's agent acting within the scope of his employment; that the operator was negligent "in releasing his brakes and allowing his truck to move forward without in some way looking for and warning possible pedestrians coming as the plaintiff did suddenly into a position of danger near the front of his [the operator's] moving truck"; that his "failure to do so set in motion a train of events which . . . the operator, might have foreseen"; that "although the act of . . . Doyle intervened by contributing a condition necessary to the injurious effect of the original negligence" it did not excuse the defendant;

and that the original negligence (of the defendant's agent) was culpable and the "direct cause of the injuries."

The concluding paragraph of the auditor's report reads as follows: "Nor do I find that the defendant has sustained the burden of proving that the plaintiff was not in the exercise of due care. The plaintiff was not obliged to foresee that a truck driver, who by his own act had blocked the sidewalk and made it necessary for the plaintiff to walk around the front of the truck, would start the truck rolling forward without warning as the plaintiff was about to pass in front of it."

The defendant's exceptions concern the denial of four requests for rulings. By the first and third requests the defendant sought rulings to the effect that there was no evidence that the defendant was negligent. By the second and fourth requests the defendant sought in substance rulings that on the facts found the plaintiff was guilty of contributory negligence.

The ultimate findings of the auditor did not purport to be based solely on his subsidiary findings, "and consequently imported findings of subsidiary facts — not necessarily inconsistent with express subsidiary findings — sufficient to support the ultimate finding." *Runnells* v. *Cassidy,* 307 Mass. 128, 129. The express subsidiary findings of the auditor are not necessarily inconsistent with the ultimate findings, or the subsidiary facts imported thereby, that the defendant's negligence was the cause of the plaintiff's injury and that the defendant had not sustained the burden of proving contributory negligence on the part of the plaintiff. Hence the ultimate findings stand and support the finding of the judge for the plaintiff. See *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564; *Murphy* v. *Smith,* 307 Mass. 64; *Runnells* v. *Cassidy,* 307 Mass. 128; *Tookmanian* v. *Fanning, ante,* 162, 167; *Stiles* v. *Wright, ante,* 326, 331.

*Exceptions overruled.*