GEORGE BURKE *vs.* ASTUR ZATOONIAN.

Suffolk.    May 14, 1941. — September 9, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Negligence*, Heating apparatus, One owning or controlling real estate, Contributory, Assumption of risk. *Landlord and Tenant*, Portion of premises in possession and control of landlord, Landlord's liability to tenant or his family or his invitee, Heating apparatus.

Evidence, that, when the landlord of an apartment house, who was in exclusive control of a heater supplying heat to an apartment occupied by him, started that heater, sparks ignited a pile of inflammable material resting against it, warranted a finding of his negligence toward a tenant of another apartment whose property was burned in the resulting fire; and evidence that the tenant had seen the pile of material there shortly before the landlord started the heater did not require a finding that the tenant was guilty of contributory negligence or that he had assumed the risk of injury.

TORT. Writ in the Municipal Court of the City of Boston dated February 5, 1940.

There was a finding for the plaintiff in the sum of $225 by *Donovan*, J. The defendant appealed from an order by the Appellate Division dismissing a report.

*D. J. McGillicuddy*, for the defendant, submitted a brief.
No argument nor brief for the plaintiff.

RONAN, J. A judge of the Municipal Court of the City of Boston has found that the plaintiff's furniture and other personal property, located upon the first floor of the defendant's house, occupied by the plaintiff as a tenant at will of the defendant, were damaged by fire which occurred in the

basement of the house at noontime on January 22, 1940, and resulted from sparks from the fire box of the defendant's heater igniting boxes and rubbish which were close to and resting against the heater when the defendant started a fire in this heater at eight o'clock on the morning of January 22, 1940. The judge found for the plaintiff. The case is here on appeal from the decision of the Appellate Division dismissing the report.

The defendant contends that there was error in denying his motion for a finding in his favor, and in denying a request that upon all the evidence the plaintiff cannot recover and a second request to the effect that there was no breach of any duty owed by the defendant to the plaintiff.

The defendant was in exclusive control of this heater, which apparently was used to heat only the tenement occupied by him. He was bound to exercise reasonable care in the use and operation of the heater in order that no personal injury or property damage would thereby result to others. This is not an obligation peculiar to the relation of landlord and tenant but rests upon the general principle that one must exercise reasonable diligence in the use of his land so as not to injure an adjoining landowner, an occupant of a part of a building upon his premises, in the absence of some agreement to the contrary, or a traveller upon the highway. The starting of a fire in the heater and permitting it to continue to burn without removing the inflammable material which was in close proximity to the heater could be found to be a negligent act upon the part of the defendant. *Priest v. Nichols*, 116 Mass. 401. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 108. *Brindis* v. *Haverhill Morris Plan Co.* 266 Mass. 303, 306. *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 523. *Rudomen* v. *Green*, 299 Mass. 485. *Gilroy* v. *Badger*, 301 Mass. 494. *Sullivan* v. *Mt. Washington Co-operative Bank*, 302 Mass. 595. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136. *Home Savings Bank* v. *Savransky*, 307 Mass. 601.

There was no error in refusing to find that the plaintiff was contributorily negligent or that he assumed the risk of a fire from this heater. There was no fire in the defendant's

heater when the plaintiff tended his own heater at seven o'clock on the morning of the fire. Thereafter, and until the building caught fire, neither the plaintiff nor any member of his family had gone into the basement. There was nothing that the plaintiff did that was a contributing cause of his damage. Some months previous to the fire the plaintiff had complained to the defendant that it was dangerous to have boxes and cartons in the basement about five or six feet from the heater and requested the defendant to remove them. This was done, and thereafter they were disposed of by being burned in the defendant's heater. For some time prior to January 22, 1940, there were no boxes or cartons in the basement, but on the morning of the fire there was a pile of boxes, crates and kindling wood resting against the defendant's heater. The plaintiff had a right to rely to a reasonable extent upon the assumption that, if the defendant decided to use the heater, he would exercise proper care and that he would not negligently expose the plaintiff's property to damage. It could not be ruled as matter of law that the plaintiff's loss was due to his negligence or that he assumed the risk of such loss. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 189. *O'Brien* v. *Bernoi*, 297 Mass. 271, 274, 275. *McGuire* v. *Almy*, 297 Mass. 323, 329. *Holland* v. *Pitocchelli*, 299 Mass. 554, 558. *Lemoine* v. *Springfield Hockey Association, Inc.* 307 Mass. 102. *Barttro* v. *Watertown Square Theatre, Inc., ante,* 223.

There was testimony that, after the fire had been extinguished, "a pile of 'rubbish' was found next to and resting against the defendant's heater." There was also testimony that there had been a short circuit in the electric meter box and that this could have been an adequate cause of the fire. There was no error in the refusal of the judge to accept this evidence as true. The cause of the fire was upon all the evidence a question of fact for him to determine. *Wall* v. *Platt*, 169 Mass. 398. *Bowen* v. *Boston & Albany Railroad*, 179 Mass. 524. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297. *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469. *Gechijian* v. *Richmond Ins. Co.* 305 Mass. 132.

*Order dismissing report affirmed.*