ROSE WHEATLEY *vs.* LEONARD KAPLAN.

Middlesex.     April 6, 1956. — July 23, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Employer's liability: place of work; One owning or controlling real estate; Contributory; Assumption of risk.   *Contract,* Of employment, Parties.

Evidence warranting findings that a householder, knowing that steps of a basement stairway were wet enough to be slippery, placed on the steps newspapers which were dry on top but became wet underneath and thus created a false appearance of dryness and safety, and that thereafter a domestic employee, who had spoken to the householder about the wet condition in the basement before he placed the newspapers, slipped and fell on such steps, justified a conclusion that the householder was negligent toward the employee in failing in his duty to her to use reasonable care to furnish her a safe place to work, and did not require a ruling that she was guilty of contributory negligence or a ruling that she had voluntarily assumed the risk of injury.  [457]

Evidence warranted a finding that a householder living in the house with his wife and child as a family was the employer of a domestic servant so as to have a duty to her to use reasonable care to furnish her a safe place to work, even if the wife had actually hired the employee and paid her wages.  [457]

TORT for personal injuries alleged to have been sustained through negligence of the defendant, not a subscriber under

the workmen's compensation act.   Writ in the Superior Court dated January 18, 1952.

The action was tried before *Brogna, J.,* who ordered a verdict for the defendant.   The plaintiff alleged exceptions.   It was agreed that if the judge erred in ordering the verdict judgment for the plaintiff in the sum of $1,500 should be entered.·

*Earl Auerbach,* for the plaintiff.

*John L. Fitzpatrick,* for the defendant.

QUA, C.J.    The plaintiff was injured on June 18, 1950, while employed at the summer home of the defendant and his family in Sharon.   Her employment had begun while they were living in Brookline.   A verdict was directed for the defendant.

The plaintiff testified that she was a registered nurse, but her further testimony as to her duties renders it doubtful whether she was other than a domestic servant at the time of her injury.   See *Winchester* v. *Solomon,* 322 Mass. 7. We assume in favor of the defendant that the plaintiff was such servant, and therefore that c. 152, § 66, as appearing in St. 1943, c. 529, § 9A, does not aid her.   C. 152, § 67, as appearing in St. 1943, c. 529, § 10.   See now St. 1953, c. 656, § 2.   And see c. 152, § 1 (4), second paragraph, as appearing in St. 1945, c. 369.   See now St. 1955, c. 755.

We further assume in favor of the defendant that G. L. (Ter. Ed.) c. 153, § 3, was not applicable, although there was some evidence that made this question debatable.

Even with these assumptions in favor of the defendant, we think there was some evidence that required the submission of the case to the jury.

The plaintiff testified that while engaged in her work she slipped and fell when she was three or four steps from the bottom of stairs leading to the basement.   There was much evidence that the basement was wet or damp, and that the defendant had attempted to overcome that condition. The plaintiff testified that nearly three weeks before the accident she told the defendant about this and he told her that he "would take care of it," and that later she saw him spread newspapers throughout the cellar and on the three or

four bottom steps, and that afterwards she saw him change and replace these newspapers. She testified that as she was holding the banister her foot slipped and when she regained her feet she found a piece of torn newspaper on her heel and then examined the newspapers which had been placed on the stairway, and that "the top of these papers were dry but the bottom half which touched the stairs, was wet." We cannot say that the plaintiff's evidence was incredible. We think the jury could find that the defendant knew the stairs were wet enough to be slippery, and that by means of newspapers he had created the appearance of dryness and safety, but had not been careful to see to it that the danger was removed. It was his duty to use reasonable care to furnish the plaintiff a safe place to work.

It has properly not been argued that the plaintiff was contributorily negligent as matter of law. And it could not properly be ruled that she voluntarily assumed the risk, since it could be found that the risk was not apparent. *Hietala* v. *Boston & Albany Railroad,* 295 Mass. 186, 192. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 436. *Silver* v. *Cushner,* 300 Mass. 583. *Burke* v. *Zatoonian,* 309 Mass. 541, 542–543.

There was sufficient evidence to warrant a finding that the plaintiff was an employee of the defendant, even if the defendant's wife had done the actual hiring and had paid the weekly wages. The defendant and his wife and child were living together as a family in a house owned by his mother. The plaintiff's duties were to care for the defendant's wife and child in the household of the defendant. It was the defendant to whom the plaintiff spoke about the condition of the basement, and it was he who did what was done to remedy that condition. *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30. *Smith* v. *Jordan,* 211 Mass. 269, 272. *Groce* v. *First National Stores Inc.* 268 Mass. 210, 213. *Gordon* v. *O'Brien,* 320 Mass. 739, 742.

The plaintiff's exceptions are sustained, and in accordance with the agreement of the parties judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*