*Western District*

No. ——

**ROBERT GARNEAU**

v.

**CHARLES LINES**

*Present*: Riley, P. J. Hobson and Alberti, J.J.

Case tried to *Noonan, J.*, in the District Court of Springfield.

*Alberti, J.* This is an action of tort, to recover for injuries resulting from being struck by the defendant's automobile. The defendant pleaded general denial and contributory negligence.

At the close of the trial and before the final arguments, the defendant made the following requests for rulings:

1. Upon all the evidence the defendant was not negligent.

2. Upon all the evidence the plaintiff was contributorily negligent.

3. If you find that the plaintiff, an expert mechanic, thoroughly familiar with the operation of automobiles like the defendant's automobile, stood in front of the automobile between the automobile and a concrete wall, a few feet away while he directed the defendant to turn on the ignition, and that the plaintiff could as easily and effectively have stood by the side of the automobile in order to "jump start" it, and that the defendant, who was not an expert mechanic and possessed only common and ordinary knowledge of the operation of an automobile, obeyed this instruction, and that after the ignition was turned on, the plaintiff mechanic himself caused the engine to turn over by means of a "jump starter" and that the automobile jumped forward pinning the plaintiff against the wall, you must find that the defendant was not negligent and that the plaintiff was contributorily negligent.

4. If you find that the defendant was not a mechanic, and possessed only common and ordinary knowledge of the operation of an automobile, and reasonably believed at the time of this accident that the automobile would not start while in the "drive" gear position, and that he was instructed by an expert mechanic to turn on the ignition, and that he did turn on the ignition, and that while turning on

the ignition his coat sleeve did accidentally move the shift from "neutral" to "drive" position unknown to the defendant, and that the plaintiff subsequently "jump started the engine" thereby causing the car to jump forward pinning him against the concrete wall a few feet away from the front of the car, you must find that the defendant was NOT negligent.

## Requests numbered 1 and 2 were denied. Requests numbered 3 and 4 were granted. The Court found the following facts:

The defendant was unable to start his automobile and went to the Orr Motor Co. from whom he had purchased the automobile, and there stated his trouble to the one in charge. The plaintiff who was employed by the Orr Motor Co. as a mechanic was just quitting his tour of duty and was asked by his employer to go with the defendant and ascertain the trouble and start the automobile. The plaintiff went with the defendant to where the automobile was parked which was in a yard with the front end of the auto about three feet from the wall of a building. It was raining at the time and the plaintiff shut off the ignition and placed the starting lever in the neutral position. It was raining at the time and the plaintiff stood in front of the car and bent underneath the hood to shelter himself from the rain. The plaintiff ascertained the cause of the trouble and applied what is known as a jump starter to the motor. The plaintiff asked the defendant to turn on the ignition which he did but was so negligent and careless in doing it that he shifted the starting lever from the neutral position to the drive position, so that when the plaintiff applied the jump starter the automobile pinned him against the wall causing severe injuries. The plaintiff was in the exercise of due care. The defendant was negligent.

## The defendant knew as a result of first seeing the plaintiff use the "jump starter" that

when the ignition was on, the application of the starter would cause the engine to start. His ignorance of the fact that the car would start when the lever was in "drive" position and the "jump starter" was applied should not excuse him from the consequences of a negligent act. The plaintiff had set the lever at "Neutral". He never instructed the defendant to place it in any other position. As a reasonable person, the defendant should have inferred that that was the position in which the plaintiff wanted it in order to start the engine in safety. The conduct of the plaintiff in placing the lever in a neutral position, together with his failure to instruct the defendant to place it in other position, should be deemed to be and amounted to a positive instruction to the defendant not to place the lever in any position other than "neutral", and was analogous to the specific instruction "not to start the automobile until he had replaced the cleaner" in *Kavigian v. Lonero,* 312 Mass. 603 at 604.

The trier of the facts would be warranted in concluding that the defendant's belief that no automatic transmission will start even though the ignition is turned on if the shift lever is in any other gear position than "neutral" had application only to situations where no other starting mechanism was applied, and not to the given situation. Granted that the defendant should not be held negligent in doing an act, relying on a common and prevalent belief, *Restatement of Torts,* §284, P. 744; *C. v. Pierce,* 138 Mass. 165, 179. there was no evidence that it was a common

and prevalent belief that a car would not start when the ignition was on, the lever was in "drive" position, and a "jump starter" was applied; nor was there evidence that the defendant so believed.

The law propounded in *Gagnon v. DiVittorio,* 310 Mass. 475, *Rogers v. Cambridge Taxi Co.,* 317 Mass. 578, and *Falk v. Finkelman,* 268 Mass 524, is inapplicable to the facts in the instant case.

The trial court specifically found that the defendant was negligent and that the plaintiff was in the exercise of due care. Such findings cannot be reversed unless as a matter of law they cannot be supported by the evidence. *Abele v. Dietz,* 312 Mass. 685, at 690, and c.c.

Nor can findings be reversed when there is evidence to sustain them. *Winchester v. Missin,* 278 Mass. 427;
*Adamaitis v. Metropolitan Life Insurance* Co. 295 Mass. 215, 221.
And must be sustained on any reasonable view of the evidence.
*Mass. v. Old Colony Tr. Co.* 246 Mass. 139;
*Hasmer, Inc. v. C.,* 302 Mass. 495.

Such evidence included evidence that the defendant himself stated that he had been at fault. His explanation as to what he meant by the statement could properly have been disbelieved and disregarded. Cases cited by the defendant, namely *Machado v. Kaplan,* 326 Mass. 615, and *Withington v. Rome et al,* 258 Mass. 188, in which culpatory expressions

were used, turned on causation, and do not hold that such expressions should be disregarded. They are evidence which, with other evidence, should be given whatever weight might seem proper in the circumstances.

The defendant owed the plaintiff the duty of taking reasonable care for his safety while the plaintiff was undertaking starting the defendant's automobile, and the plaintiff, to a reasonable extent, could rely upon the assumption that the defendant would act in accordance with instructions. *Kavigian v. Lonero,* 312 Mass. 603, 607.

The evidence warranted the finding that the defendant "shifted the lever from the "neutral" position to the "drive" position so that when the plaintiff applied the "jump starter", the automobile pinned him against the wall causing severe injuries." This conclusion is borne out by the testimony that when first the lever was put in "neutral", the ignition turned on and the "jump starter" applied, the automobile did not move, but that thereafter, when the plaintiff again asked the defendant to turn on the ignition, the defendant put his hand through the steering wheel to turn on the ignition, and when the plaintiff again applied the "jump starter", the automobile did move.

The judge was warranted in finding that in reaching through the steering mechanism to turn on the ignition, the defendant in fact negligently turned on the lever to a "drive" position. This conclusion is in fact borne out

by the testimony of the defendant himself. *Kavigian v. Lonero,* 312 Mass. 603, at 606; *Ghiz v. Wantman,* 337 Mass. 415, and more particularly the language of the Court at p. 679; *Goldberg v. Norton Company,* 335 Mass. 605.

It could not rightly have been ruled as a matter of law that recovery by the plaintiff was barred because of his contributory negligence. *Goldberg v. Norton Company,* 335 Mass. 605; *Kavigian v. Lonero,* 312 Mass. 603, at 607; *Ghiz v. Wantman,* 337 Mass. 415, 419, where the Court said,

> "It could not have been ruled as a matter of law that negligence of the decedent was a contributing cause of his injuries. Assuming that the jury found that he left the automobile as described by the defendant, it could also find that the action of the defendant (in the instant case, the turning of the lever from the "neutral" to the "drive" position) thereafter intervened as an independent and the dominant cause of the decedent's injuries."

It will be noted that Request No. 3 did not include the trial court's finding that the defendant, in turning on the ignition when requested to do so by the plaintiff, ". . . shifted the starting lever from the neutral position to the drive position . . .", and that Request No. 4 set forth "that while turning on the ignition his coat sleeve did accidentally move the shift lever from "neutral' to 'drive' position . . ."

The defendant argues that the Court's action in allowing Requests No. 3 and 4 was inconsistent with findings that the defendant was negligent and that the plaintiff was in the

exercise of due care. We see no inconsistency. Assuming, however, that there was inconsistency, it is not ground for review. To preserve his rights, the defendant should have raised the question in the Trial Court and attempted to remedy it by motion to correct the inconsistency, or by a motion for a new trial. *DiLorenzo v. Atlantic National Bank of Boston,* 278 Mass. 321, 324; *Godfrey v. Caswell,* 321 Mass. 161, 162; *Biggs v. Densmore,* 323 Mass. 106; *Kelsey v. Hampton Court Hotel,* 327 Mass. 150, 153; *Lapp Insulator Co. v. Boston & Maine Railroad,* 330 Mass. 205; *Raytheon Mfg. Co. v. Indemnity Insurance Co. of North America,* 333 Mass. 746; *Smith v. Hansen,* 9 Mass. App. Dec. 115; *Plyco Concrete Form Service, Inc. v. Ciardiello,* 10 Mass. App. Dec. 117.

There was no error of law. The report will be ordered dismissed.