**Harry W. POTTER and Susan Potter, Appellants,**

v.

**Ruth E. BRITTAN and Thomas T. Brittan.**

**No. 13315.**

United States Court of Appeals Third Circuit.

Argued Jan. 10, 1961.

Decided Feb. 1, 1961.

Frederick E. Weinberg, New York City (Koenigsberg & Rossmoore, Newark, N. J., Donald M. Booxbaum, Westbury, N. Y., on the brief), for plaintiffs-appellants.

H. Curtis Meanor, Jersey City, N. J. (Lamb, Langan & Blake, Jersey City, New Jersey, on the brief), for defendants-appellees.

Before GOODRICH, McLAUGHLIN and FORMAN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment for the defendants in a personal injury case. The judgment followed a verdict for the defendants by the jury.

The personal injury claim arose out of an accident which took place on a snow covered highway in Massachusetts

on February 23, 1959. The car in which the plaintiffs were riding, driven by the husband, had been involved in a minor accident with a skidding car on the road in front of them. The plaintiffs' car was then driven into a snow bank so that most of it was off the highway and husband and wife both got out of the car. The former went to find the driver of the other car; the wife was endeavoring to remove her small children from the car to a nearby place of shelter. At this point the defendants' car struck the door of the plaintiffs' car, which was being held open by Mrs. Potter.

The one point left in the case on this appeal involves the plaintiffs' insistence that the trial judge incorrectly charged the jury. The defenses of assumption of risk and contributory negligence were both made by the defendants. The trial judge charged on each and his clear statement of the rule of contributory negligence is not challenged. As to assumption of risk the judge said: "Assumption of risk is so closely identified with contributory negligence that a practical distinction is difficult when considered in relation to the facts in a particular case. * * * The tendency is to treat assumption of risk and contributory negligence as convertible terms so that they are now virtually identical concepts."

This did not satisfy plaintiffs' counsel and in colloquy on exceptions to the court's charge he said: "My request is really that they shouldn't get the impression that assumption of risk and contributory negligence are two separate defenses. * * * The pleading makes them two, but the law does not. * * * It's a contributory negligence defense which one judge will call assumption of risk and one will call contributory negligence." The chief trouble with the point insisted upon by the plaintiffs is that it is incorrect.

■■ This was a Massachusetts tort claim and under the New Jersey conflict of laws rule reference is to the Massachusetts law.[1] We have found no Massachusetts decision directly bearing on the facts of this case but there is in the Massachusetts decisions plenty of recognition of the separate nature of the two defenses.[2]

The position of the legal scholars on the subject is perfectly clear. At the risk of tiresome repetition a few quotations are in order because the subject seems to be one on which there is a good deal of confusion. The first quotation is from a very famous tort scholar, Francis H. Bohlen, and it was written in 1926:

"The defense of contributory negligence is quite distinct. Negligence involves the idea of misconduct, a failure to measure up to the standard of that ideal personage, the normal social man; assumption of risk does not. A risk while obvious may not be so imminently dangerous that a prudent man would necessarily avoid it, yet if it shall be freely encountered it will in general be held to be so far assumed that no recovery for the consequent injury is possible. Voluntary conscious action may be negligent if the known danger be great and imminent, but it is not negligent because voluntary. By contributory negligence a plaintiff is barred from recovery by his own misconduct, though the defendant has been guilty of an act admittedly wrongful as to him. Voluntary subjection to a known risk negatives the existence of any duty on the defendant's part by the

---

1. Daily v. Somberg, 1958, 28 N.J. 372, 146 A.2d 676, 69 A.L.R.2d 1024. This case cites Restatement, Conflict of Laws § 377 et seq. (1934). Section 385 provides:

   "Whether contributory negligence of the plaintiff precludes recovery in whole or in part in an action for negligent in-

jury, is determined by the law of the place of wrong."

2. Wheatley v. Kaplan, 1956, 334 Mass. 455, 136 N.E.2d 191; Kavigian v. Lonero, 1942, 312 Mass. 603, 45 N.E.2d 823; Burke v. Zatoonian, 1941, 309 Mass. 541, 36 N.E.2d 385.

breach of which he could be a wrongdoer.

"It is essential that the two ideas should be kept quite distinct. * * " (Footnotes omitted.)[3]

The same point is made by current writers. Prosser on Torts, for example, talks about the situation where the two defenses overlap. He says:

"Ordinarily it makes little difference which the defense is called. The distinction may become important, however, under such statutes as the Federal Employers' Liability Act, which has now abrogated the defense of assumption of risk entirely, but has left, contributory negligence as a partial defense reducing the amount of recovery. In working out the distinction, the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be. The two may coexist, or either may exist without the other." (Footnotes omitted.)[4]

Finally, in the last work on the subject, Harper and James on Torts, 1956, the authors say:

"*Assumption of risk.* Contributory negligence has sometimes been thought to be no more than an aspect of assumption of risk, so that plaintiff is barred from recovery under the maxim volenti non fit injuria. This explanation, too, would warrant the rule in its present form, as a complete bar to plaintiff's action. The two notions, however, do not cover the same ground and in many situations do not even overlap, though they may. Assumption of risk involves the ne-

gation of defendant's duty; contributory negligence is a defense to a breach of such duty. Assumption of risk may involve perfectly reasonable conduct on plaintiff's part; contributory negligence never does." (Footnotes omitted.)[5]

It would be hard to find any point on which scholarly discussion is so completely unanimous.

The judgment of the district court will be affirmed.

**3.** Bohlen, Studies in the Law of Torts 445–47 (1926).

**4.** Prosser on Torts, Chapter 10, § 55 (1955)

**5.** Harper and James on Torts, § 22.2 (1956).